**CASE v. ALDERSON, Marshal, et al.**

**SAME v. HARRIS, Superintendent of Federal Industrial Institution.**

Nos. 3834, 3835.

Circuit Court of Appeals, Fourth Circuit.

Feb. 7, 1935.

Rehearing Denied March 2, 1935.

J. Raymond Gordon, of Charleston, W. Va., for appellants.

L. R. Via, Asst. U. S. Atty., of Huntington, W. Va. (George I. Neal, U. S. Atty., of Huntington, W. Va., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and HAYES, District Judge.

HAYES, District Judge.

These cases are here in a habeas corpus proceeding. Petitioners were indicted and entered pleas of guilty for violation of Rev. St., § 3296 as amended (26 USCA § 404). Elizabeth Penn Case was sentenced to the Federal Industrial Reformatory for Women at Alderson, W. Va., for a term of three years and to pay a fine of $500; and Floyd Penn Case was given a like sentence, but his sentence was to be served in the Federal Penitentiary in Atlanta. Both petitioners were in custody pursuant to the judgment of the court, and the United States District Court for the Southern District of West Virginia had jurisdiction in the premises. The court refused to discharge the petitioners.

The sole question here is: Has section 3296 of the Revised Statutes been repealed by the Twenty-First Amendment to the Constitution or by Liquor Taxing Act of 1934? 26 USCA §§ 267 and 273. The pertinent sections are in the margin.[1]

The adoption of the Twenty-First Amendment repealed the Eighteenth Amendment, and its repeal operated as a repeal of the National Prohibition Act and amendments thereto (27 USCA § 1 et seq.), for the reason that congressional power conferred by the Eighteenth Amendment was withdrawn. United States v. Chambers, 291 U. S. 223, 54 S. Ct. 434, 78 L. Ed. 763, 89 A. L. R. 1510.

The power of Congress to enact section 3296 was not derived from the Eighteenth Amendment and its repeal does not affect the statute.

It is contended by petitioners that the National Prohibition Act repealed the revenue statutes in respect of liquor transactions, and they rely on United States v. Boze Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043. Section 3296 was not before the court in that case. Without conceding, yet assuming, that the decision was applicable to section 3296, Congress, subsequent to the decision, re-enacted the revenue statutes. 27 USCA § 3; United States v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358.

Again, this statute is not enacted under the power conferred by the Eighteenth Amendment. Therefore, if section 3296 had been repealed by the National Prohibition Act it was re-enacted by the Willis-Campbell Act § 5 (27 USCA § 3). Miller v. U. S. (C. C. A.) 4 F.(2d) 228; Benton v. U. S. (C. C. A.) 28 F.(2d) 695. When the Eighteenth Amendment was repealed and the National Prohibition Act became inoperative, section 3296 was still in force.

Section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182) relates to a vehicle in which untax paid liquor is being removed and is analogous to section 3296 dealing with the individual for the removal. The Supreme Court held that the National Prohibition Act did not repeal section 3450. United States v. One Ford Automobile, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025.

While the brief of appellants presents no argument or authority in support of the allegation in the petition that section 3296

---

[1] Whenever any person removes, or aids or abets in the removal of any distilled spirits on which the tax has not been paid, to a place other than the bonded warehouse provided by law, or conceals or aids in the concealment of any spirits so removed, or removes, or aids or abets in the removal of any distilled spirits from any distillery warehouse, or other warehouse for distilled spirits authorized by law, in any manner other than is provided by law, or conceals or aids in the concealment of any spirits so removed he shall be liable to a penalty of double the tax imposed on such distilled spirits so removed or concealed, and shall be fined not less than $200 nor more than $5,000, and imprisoned not less than three months nor more than three years. (R. S. § 3296; Mar. 3, 1877, c. 114, §§ 1, 2, 19 Stat. 393; Aug. 27, 1894, c. 349, § 52, 28 Stat. 565.) 26 USCA § 404.

No person shall (except as provided in section 268 of this title) transport, possess, buy, sell, or transfer any distilled spirits, unless the immediate container thereof has affixed thereto a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal-revenue taxes imposed on such spirits. 26 USCA § 267.

Any person who violates any provision of sections 267 to 273 of this title, shall on conviction be punished by a fine not exceeding $1,000, or by imprisonment at hard labor not exceeding five years, or by both. 26 USCA § 273.

The last two sections are from the Act of January 11, 1934 (sections 201, 207), and appear under title 26 USCA §§ 267 and 273.

was repealed by the Liquor Taxing Act of 1934, we have considered this act and do not think it repeals section 3296. The Liquor Taxing Act of 1934 does not contain a repealing clause and specifically (sections 4, 5, and 9 (c) of the act, 26 USCA §§ 202, 320 note, 377a), amends certain sections of the former revenue laws, to wit, sections 3244, 3309, and 3329 of the Revised Statutes. There is no repeal by implication unless the provisions of the act of 1934 directly conflict with the provisions of section 3296.

The removal and concealment of untaxpaid distilled spirits are offenses under section 3296; under the act of 1934, the failure to have affixed to the container a stamp denoting the quantity of distilled spirits contained therein and evidencing payment of all internal revenue taxes imposed on such distilled spirits renders a person guilty who transports, possesses, buys, or transfers distilled spirits. The acts denounced are different, and different purposes underlay the statutes. United States v. One Ford Coupé Automobile, supra. There is no conflict and section 3296 is still in force.

The orders denying the discharge on habeas corpus will be affirmed.

Affirmed.

### On Petition for Rehearing.

■ The petition for a rehearing presents no points not considered by the court when its opinion was written February 7, 1935. The petition states that our ruling is contrary to the law set forth in the case of United States v. Chambers, 291 U. S. 217, 54 S. Ct. 434, 436, 78 L. Ed. 763, 89 A. L. R. 1510, and is in violation of section 12 of Revised Statutes (1 USCA § 28), which provides: "Whenever an Act is repealed, which repealed a former Act, such former Act shall not thereby be revived, unless it shall be expressly so provided."

The Chambers Case is the authority for the proposition that the National Prohibition Act (27 USCA § 1 et seq.) was not repealed by an act of Congress but was rendered inoperative, so far as authority to enact its provisions was derived from the Eighteenth Amendment, by the repeal, not by the Congress but by the people, of that Amendment. It was then held: "That in such a case the statutory provision relating to the repeal of statutes by the Congress has no application."

In that case the government sought to apply Revised Statutes, § 13 (1 USCA § 29).

■ The power of Congress to enact Rev. St. § 3296, as amended (26 USCA § 404), was in no wise dependent upon the Eighteenth Amendment. Certain of the revenue statutes were repealed by the National Prohibition Act, but the revenue statutes were reenacted by the Willis-Campbell Act § 5 (27 USCA § 3). Congress had the power to enact the statutes independent of the power conferred by the Eighteenth Amendment; hence the repeal of the Eighteenth Amendment did not withdraw the power from Congress and did not repeal the revenue statutes then in force. The petition for rehearing is denied.

Rehearing denied.