## THE STATE v. JOHN PLOUGH.

Submitted December 2, 1915—Decided March 2, 1916.

1. A motion to quash an indictment is addressed to the discretion of the court and is not reviewable on strict writ of error.
2. A motion to direct an acquittal at the close of the state's case is addressed to the discretion of the court, and the action of the court is not reviewable on error when the case comes up on a strict bill of exceptions.
3. Courts differ as to the propriety of directing a verdict in a criminal case; but if there is any testimony which supports the charge laid in the indictment, the jury and not the court, must determine the defendant's guilt or innocence.

On error to the Hudson Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and BERGEN.

For the plaintiff in error, *James F. Clark* and *Joseph M. Noonan.*

For the state, *Robert S. Hudspeth,* prosecutor of the pleas, and *George T. Vickers,* assistant prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The defendant below was convicted of malfeasance in office, the specific offence charged in the indictment being that, while a member of the common council of the town of West Hoboken, and as a member of such board charged with the regulation, administration and enforcement of the law in and for said town, he did willfully, unlawfully and corruptly aid and assist one Gertrude Wille in keeping and maintaining a disorderly house in that town, and received from her large sums of money for and in consideration of his assistance and aid.

The first ground upon which we are asked to reverse the conviction is that there was error in the refusal of the court to quash the indictment on motion made for that purpose. This case comes up on strict bill of exceptions, and, consequently, only legal errors can be considered. A motion to quash ordinarily is addressed to the discretion of the court, and is not reviewable on strict writ of error. *State* v. *Siciliano*, 85 *N. J. L.* 389. The motion in the present case was controlled by the decision of the Court of Errors and Appeals in the cited case, and there was no error in its refusal.

The next ground upon which we are asked to reverse the conviction is that the court below denied a motion made on behalf of the defendant to direct an acquittal after the prosecutor of the pleas had finished his opening address to the jury, and before any testimony had been offered. The ground of the motion was that there was a variance between the charge in the indictment and the facts which the prosecutor stated he intended to prove. Why counsel for the defendant consider that the refusal of this motion constitutes legal error, they do not enlighten us in their brief, much less do they suggest any authority in support of their contention. We ourselves fail to perceive any ground for considering the refusal of the motion erroneous; and therefore cannot reverse the judgment upon this ground.

The next ground of reversal is that the court erroneously refused a motion to direct the acquittal of the defendant at the close of the state's case. But such a motion is addressed to the discretion of the court, and the action of the court thereon is not reviewable on error when the case comes up on strict bill of exceptions. *State* v. *Jaggers*, 71 *N. J. L.* 281, 283.

It is further argued that at the close of the whole case the trial court should have directed a verdict in favor of the defendant, pursuant to an application for such a direction made in his behalf. Whether the court is ever justified in directing a verdict in a criminal case is one of the unsettled questions of the law. One thing, however, is certain, and that is that when there is any testimony in the case which supports the

criminal charge made against the defendant, the jury, and not the court, must settle the question of his guilt or innocence. This was the condition in which the case stood at the close of the testimony, and the refusal to direct a verdict in favor of the defendant was therefore entirely justified.

The next ground upon which we are asked to set aside the judgment under review is that the court, in disposing of the application to direct a verdict of acquittal, made at the close of the state's case, erroneously declared the law to be that "courts are presumed to take cognizance of the adoption of referendum acts for the government of municipalities, and particularly the adoption of the Referendum act under which West Hoboken is governed." If it was not for the fact that counsel have devoted four pages of their brief to this point, we should not refer to it here; and, notwithstanding the discussion contained in counsels' brief, we do not consider it necessary, in disposing of this contention, to say anything more than that courts of review never reverse the judgment of an inferior tribunal merely because of unsound reasons given by the court below for its judicial action; the reviewing court is only concerned with the question whether the judicial action was or was not erroneous, and is not interested in the soundness or unsoundness of the reasons which lead to it.

The other grounds of reversal are directed at the charge to the jury, and at alleged refusals to charge as requested by the defendant. We have examined the charge in the light of the attack made upon it by counsel for the defendant, and are satisfied to dispose of the reasons based upon the alleged errors therein by saying that we find them without merit. As to the requests to charge, which are discussed in the brief of counsel, we find that such of them as the defendant was entitled to have charged were, in fact, charged in effect.

On the whole case we conclude the judgment should be affirmed.