8 N.J. Super. 13 (1950)
73 A.2d 207
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
EDMUND O'DONNELL AND HELEN CARLSON, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued April 24, 1950.
Decided May 11, 1950.
*14 Before Judges JACOBS, DONGES and BIGELOW.
*15 Mr. Ernest Fasano argued the cause for appellants (Messrs. Quinn, Doremus, McCue & Russell, attorneys).
Mr. George A. Gray, Assistant Prosecutor, argued the cause for the plaintiff-respondent (Mr. J. Victor Carton, Monmouth County Prosecutor, attorney).
The opinion of the court was delivered by DONGES, J.A.D.
The defendant, Edmund O'Donnell, was convicted of bookmaking and the defendant, Helen Carlson, of aiding and abetting. Both defendants appeal from these convictions.
It appears that at about 2 P.M., on September 30, 1949, three County detectives, with a member of the Red Bank Police Department, raided an apartment at 69 West Front Street, Red Bank.
The raiding party, armed with a search warrant, gained entrance by having one of the men pose as a messenger with a telegram. The man's voice from within instructed that the telegram be placed under the door. When the detective answered that he needed a signature, O'Donnell, after a delay, opened the door.
The small apartment was searched and the detectives found an Armstrong Sheet for September 30th, copies of the Daily Telegraph for September 29th and 30th, and a number of small envelopes. They also found, on the gas stove, some charred papers, one of which was still smouldering.
While the detectives were in the apartment, the telephone rang on many occasions and the voices asked for "Eddie." Some of the voices placed bets, while others hung up when informed that "Eddie" was not present. The only person found in the apartment by the detectives was the defendant, Edmund O'Donnell.
Evidence was also introduced by the State that the apartment was leased by the defendant, Helen Carlson, and that the telephone was listed in her name.
The defendant Edmund O'Donnell contends, among other arguments, that the State did not establish a prima facie *16 case against him. He, also, asserts that the court erred in admitting testimony concerning the telephone conversations between the officers and unknown persons.
The telephone conversations concerning the betting were admissible to show defendant's complicity in the offense. The only person at the place of the call to whom the designation "Eddie" could refer was the defendant. The nature of the conversation made it competent as a material circumstance in the case. Of course, such evidence should be admitted with caution (because of the ease with which it may be counterfeited) and, should not be received at all, except when the circumstances rebut every suspicion that it may be spurious. Commonwealth v. Prezioso, 41 A.2d 350 (Pa. Sup. Ct. 1945). Here there is nothing to suggest that the evidence is not genuine. Identification of the person calling is not, in a case of this kind, essential to the admissibility of the conversation. What is said by one initiating a call, by disclosing intimate knowledge, may so identify him and the person whom he calls as associates in the enterprise, as to make the whole conversation admissible. Commonwealth v. Prezioso, supra; Commonwealth v. Palace, 63 A.2d 511 (Super. Ct. of Pa. 1949). The admissibility of evidence of this kind, has been inferentially recognized by our courts, in cases of this nature. State v. Meola, 6 N.J. Super. 214 (App. Div. 1950).
The State has adduced sufficient evidence to establish a prima facie case against the defendant, O'Donnell. The proofs at the end of the State's case clearly established a factual question for the jury. Paraphernalia of bookmaking was found at the time of the raid and telephone calls placing bets were received by the officers. All of these circumstances support the criminal charge. When there is such testimony in the case, the jury, and not the court, must settle the question of defendant's guilt or innocence. State v. Plough, 88 N.J.L. 425 (Sup. Ct. 1916).
Defendant's claim that the court made wrongful statements is not meritorious. The court's statements were not harmful nor did the court abuse its discretion in this matter.
*17 With respect to the defendant, Carlson, we do not feel that the State has established sufficient facts to make out a prima facie case. The State, in establishing a prima facie case, must, at least, connect the defendant in some way with the crime. Knowledge of the commission of the crime is essential to a conviction of a defendant as an "aider or abettor." There was no direct evidence connecting Helen Carlson with the gambling operation as such. She was not present in the room when the raid took place, nor is there any evidence to indicate that she knew that Edmund O'Donnell was accepting bets on horses in her rooms. See State v. Tuzenew, 15 N.J. Misc. 584 (Sup. Ct. 1937); compare State v. Mausert, 85 N.J.L. 498 (Sup. Ct. 1914).
The fact that she was the tenant in the apartment and that the phone was listed in her name does not show scienter. The State has not submitted adequate proof of knowledge on the part of Helen Carlson and the judgment must be reversed as to her. This renders it unnecessary to discuss the other points raised on her behalf.
The judgment is affirmed as to defendant, Edmund O'Donnell, and reversed as to the defendant, Helen Carlson, with a venire de novo.