## ROSSI ET AL. *v.* UNITED STATES

No. 594.   Argued March 13, 1933.—Decided April 10, 1933

*Mr. Harry C. Heyl* submitted for petitioners.

*Mr. Paul D. Miller,* with whom *Solicitor General Thacher* and *Mr. John J. Byrne* were on the brief, for the United States.

MR. JUSTICE MCREYNOLDS delivered the opinion of the Court.

An indictment, five counts, in the United States District Court, Southern District of Illinois, alleged that petitioners had violated the Internal Revenue laws in sundry

ways. The third count charged them with carrying on the business of a distiller without having given the bond required by § 3260, Rev. Stats., U.S.C. Title 26, § 284.[1] The fourth charged possession and control of a still not registered as required by § 3258, Rev. Stats., U.S.C. Title 26, § 281.[2] They pleaded not guilty; waived a jury; went to trial before the Judge. He found them guilty under both the third and fourth counts and imposed appropriate sentence.

The only point presented by the record for our consideration is whether there was adequate evidence to support the conviction.

There was enough to show that the petitioners had custody and control of a still for the manufacture of alcoholic spirits, set up and operating, or ready for operation, in a dwelling house. They did not take the stand; no affirmative evidence of failure to register the still or to give bond as required by the Revised Statutes was presented.

The United States claim that in such circumstances the burden of proof to show execution of the bond and regis-

---

[1] Sec. 284. Every person intending to commence or to continue the business of a distiller shall . . . before proceeding with such business . . . execute a bond [with specified conditions]. . . . Every person who fails or refuses to give the bond hereinbefore required . . . shall forfeit the distillery, distilling apparatus, and all real estate and premises connected therewith, and shall be fined not less than $500 nor more than $5,000, and imprisoned not less than six months nor more than two years.

[2] Sec. 281. Every person having in his possession or custody, or under his control, any still or distilling apparatus set up, shall register the same . . . Stills and distilling apparatus shall be registered immediately upon their being set up. . . . And every person having in his possession or custody, or under his control, any still or distilling apparatus set up which is not so registered, shall pay a penalty of $500, and shall be fined not less than $100, nor more than $1,000, and imprisoned for not less than one month, nor more than two years.

tration of the still rested upon the petitioners; that having failed to sustain this, the Judge properly declared them guilty as charged. And with this view we agree.

Section 3266, Rev. Stats., U.S.C. Title 26, § 291, provides:

"No person shall use any still . . . in any dwelling house, or in any shed, yard, or inclosure connected with any dwelling house . . . ; and every person who does any of the acts prohibited by this section, or aids or assists therein, . . . shall be fined $1,000 and imprisoned for not less than six months nor more than two years, in the discretion of the court; . . . ."

It was impossible for the petitioners lawfully to register the still or to give the required bond.

The lower federal courts generally have accepted the doctrine that proof of the custody or control of a still for unlawful distillation of alcoholic spirits is enough to give rise to an inference of lack of registration and failure to give bond which the defendant must overcome by proof. *Barton* v. *United States*, 267 Fed. 174, 175; *McCurry* v. *United States*, 281 Fed. 532, 533; *Goodfriend* v. *United States*, 294 Fed. 148, 150; *Giacolone* v. *United States*, 13 F. (2d) 108, 110; *Seiden* v. *United States*, 16 F. (2d) 197, 199; *Colasurdo* v. *United States*, 22 F. (2d) 934, 935; *Cardenti* v. *United States*, 24 F. (2d) 782, 783; *Mangiaracina* v. *United States*, 40 F. (2d) 164, 166; *Stark* v. *United States*, 44 F. (2d) 946, 949, 950. And see *Faraone* v. *United States*, 259 Fed. 507, 509; *Sharp* v. *United States*, 280 Fed. 86, 89.

The general principle, and we think the correct one, underlying the foregoing decisions is that it is not incumbent on the prosecution to adduce positive evidence to support a negative averment the truth of which is fairly indicated by established circumstances and which if untrue could be readily disproved by the production of doc-

uments or other evidence probably within the defendant's possession or control. See Chamberlayne's Modern Law of Evidence, Vol. 2, § 983; Greenleaf on Evidence, 16th ed., Vol. 1, § 79, p. 154; *Wilson v. United States*, 162 U.S. 613, 619; *Dunlop v. United States*, 165 U.S. 486, 502, 503; *Mobile, J. & K. C. R. Co. v. Turnipseed*, 219 U.S. 35, 42; *Yee Hem v. United States*, 268 U.S. 178, 185.

The only decision called to our attention which seems in conflict with those cited above is *Mansbach v. United States*, 11 F. (2d) 221, 223, 224. And with the doctrine there apparently approved, so far as in conflict with the commonly accepted view, we cannot agree.

*Affirmed.*