## BENTON v. UNITED STATES. *

### No. 3916.

Circuit Court of Appeals, Fourth Circuit.

Nov. 12, 1935.

*Writ of certiorari denied 56 S. Ct. 497, 80 L. Ed. ——.

T. C. Bowie, of Jefferson, N. C. (Bowie & Bowie, of Jefferson, N. C., and R. C. Jennings, of Salisbury, N. C., on the brief), for appellant.

Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

SOPER, Circuit Judge.

Branson Benton was convicted in the District Court under an indictment in two counts, the first of which charged that he willfully, knowingly, and feloniously had in his possession and under his control a 300-gallon still without having registered the same with the collector of internal revenue as required by law (see R.S. § 3258, 26 U.S.C.A. § 281), and the second of which charged that he willfully, knowingly, and feloniously did engage in and carry on the business of a distiller of spir-

its without having given bond (see R.S. § 3281, 26 U.S.C.A. § 306). He was sentenced to pay a fine of $1,000 and a penalty of $500 and to be imprisoned for a period of two years under the first count, and to pay a fine of $1,000 and to be imprisoned for a period of two years under the second count, the sentence of imprisonment to run concurrently with the sentence of imprisonment imposed under the first count.

■ An appeal was taken from this judgment on the ground, first, that the evidence was insufficient to justify the submission of the issues to the jury. The defendant did not move for a directed verdict in his favor during the trial, raising the point for the first time upon a motion for a new trial. This motion the District Judge denied, and from such action, no appeal lies. We have, nevertheless, examined the record and are satisfied that there was substantial evidence of the defendant's guilt, so that no error would have been committed if the motion .for a directed verdict had been seasonably made and overruled.

■ The defendant also complains of the action of the District Court in overruling his motion in arrest of judgment whereby he questioned the sufficiency of the two counts of the indictment. As to the first count, he made the point that at the time of the alleged offense, to wit, on April 23, 1934, it was no longer incumbent upon a person having a still in his possession or under his control to register it with the collector of internal revenue of the district in which it was, as required by R.S. § 3258 (26 U.S.C.A. § 281). We are of the opinion that this point was well taken. That section was re-enacted by the act of November 23, 1921, 42 Stat. 222 (page 223, section 5 [27 U.S.C.A. § 3]), supplemental to the National Prohibition Act, United States v. Stafoff, 260 U.S. 477, 43 S.Ct. 197, 67 L.Ed. 358; but it has been modified by subsequent legislation with the result that between April 1, 1927, and July 1, 1930, stills were registerable with the District Prohibition Administrators, and between July 1, 1930, and May 10, 1934, with the District Supervisor of Permits in the Bureau of Industrial Alcohol, and since May 10, 1934, with the District Supervisor of the Alcohol Tax Unit of the Bureau of Internal Revenue.[1] It follows, that on the date charged in the first count of the indict-

---

[1] Registration of Stills.

The Reorganization Act of March 3, 1927, section 1, 44 Stat. 1381, 5 U.S.C.A. § 281, created a bureau in the Treasury Department to be known as the Bureau of Prohibition, with a Commissioner of Prohibition at its head. Sections 4 and 5 of the act, 5 U.S.C.A. § 281c and 281d provided that the rights and duties conferred upon the Commissioner of Internal Revenue and his assistants by any law in respect, inter alia, to the production of intoxicating liquors, should be transferred to and imposed upon the Secretary of the Treasury; and the Secretary was authorized to confer or impose any of such rights and duties upon the Commissioner of Prohibition or Commissioner of Internal Revenue or their respective assistants. On April 1, 1927, the Secretary issued Bureau of Prohibition Treasury Decision No. 1 (see Regulations 2 relating to permits promulgated April 1, 1931, p. 219), which provided in paragraph IV (2) (a) that there should be conferred and imposed upon the Commissioner of Prohibition all the rights and duties conferred or imposed upon the Commissioner of Internal Revenue by any law in so far as they related to the production of distilled spirits. Thereby the duty of registering stills was delegated to the Commissioner of Prohibition. Shortly after the passage of the Reorganization Act, District Prohibition Administrators were appointed, and the duty of registering stills was imposed upon them. This action was confirmed by article 18 of Regulations No. 3 relative to industrial alcohol promulgated by the Treasury Department on October 1, 1927.

The Prohibition Reorganization Act of May 27, 1930, 46 Stat. 427, 27 U.S.C.A. §§ 101 to 108, created a Bureau of Prohibition in the Department of Justice, with a Director of Prohibition at its head, and transferred certain duties with reference to the enforcement of the prohibition laws from the Secretary of the Treasury to the Attorney General. The registration of stills was not taken away, but remained with the Secretary of the Treasury. Section 5 of the act, 27 U.S.C.A. § 105, however, provided for the repeal of regulations in force prior to July 1, 1930, and the issuance of new regulations by the Attorney General and the Secretary of the Treasury, with regard, amongst other things, to the form of all applications. Thereupon, Bureau of Prohibition Treasury Decision 54, effective July 1, 1930, was promulgated whereby the duties of prohibition administrators within their respective districts were transferred to supervisors of permits, and Regulations No. 3, relative to industrial alcohol, effective

ment in the pending case, a distiller was not required to register with the collector of internal revenue as charged, and that count must fall, since it stated no offense. See United States v. Dibella (C.C.A.) 28 F.(2d) 805; United States v. Lecato (C. C.A.) 29 F.(2d) 694; Silva v. United States (C.C.A.) 35 F.(2d) 598; Connley v. United States (C.C.A.) 46 F.(2d) 53; Stork Restaurant Corporation v. McCampbell (D.C.) 55 F.(2d) 687.

The defendant also contends that the motion in arrest of judgment, with reference to the second count of the indictment, should have been sustained for the reason that R.S. § 3281, 26 U.S.C.A. § 306, requiring any person who carries on the business of distiller to give bond, was repealed by the National Prohibition Act and was not revived by the supplemental act

of November 23, 1921, 42 Stat. 222. The contention is that the giving of bond for the operation of a distillery would have been in direct conflict with the Prohibition Act, and that the requirement was not revived by the later act, since it merely re-enacted all laws in regard to the taxation of intoxicating liquor not directly in conflict with the prohibitory legislation. It is, however, firmly established by the decisions of the Supreme Court that this contention is without merit. United States v. Stafoff, 260 U.S. 477, 43 S.Ct. 197, 67 L.Ed. 358; United States v. One Ford Coupé, 272 U.S. 321, 47 S.Ct. 154, 71 L. Ed. 279, 47 A.L.R. 1025; Rossi v. United States, 289 U.S. 89, 53 S.Ct. 532, 77 L.Ed. 1051. See, also, Case v. Alderson (C.C. A.) 76 F.(2d) 25.

The judgment of the District Court on

---

April 1, 1931, provided by article 14 that every person having in his possession or custody any still should register the same in quadruplicate with the supervisor of the district in which it was set up, and article 4 (p) provided that "supervisor" should mean the supervisor of permits in the Bureau of Industrial Alcohol.

Thereafter, by the Act of March 3, 1933, 47 Stat. 1517, 5 U.S.C.A. § 124 to 130, the President was empowered to regroup the agencies of the government, and by Executive Order 6639, which became effective May 10, 1934, 5 U.S.C.A. § 132, note, the President directed that the Bureau of Industrial Alcohol and the office of the Commissioner of Industrial Alcohol should be abolished and the rights and powers imposed upon him should be transferred to and held by the Commissioner of Internal Revenue. The order also provided that the Commissioner of Internal Revenue, subject to the approval of the Secretary of the Treasury, should prescribe all regulations under the provisions of the National Prohibition Act and laws amendatory thereof, which had not been rendered inoperative by the repeal of the Eighteenth Amendment, relating to the form of all applications, etc. On May 10, 1934, the Commissioner of Internal Revenue, pursuant to this authority, issued Treasury Decision No. 4432 (Internal Revenue Bulletin, January-June, 1934, p. 534), of which paragraphs 1 and 2 created in the Bureau of Internal Revenue an Alcohol Tax Unit with a Deputy Commissioner at its head charged, inter alia, with administration of internal revenue laws relating to the production of distilled spirits. Paragraph 3 imposed upon the Deputy Commissioner in charge of the Alcohol Tax Unit, and his assistants, all the

rights and duties conferred upon the Secretary of the Treasury and the Commissioner of Internal Revenue, under the provisions of Executive Order 6639 (5 U.S.C.A. § 132 note) and section 4 (a) of the Reorganization Act of March 3, 1927 (5 U.S.C.A. § 281c (a), in so far as they related to the duties to be performed under said paragraph 2. The rights and duties thus conferred upon the Deputy Commissioner of Internal Revenue in charge of the Alcohol Unit, included the right and duty to receive the registration of stills which had been imposed upon the supervisor of the district on July 1, 1930, and had remained with him until the abolition of the Bureau of Industrial Alcohol by Executive Order 6639 on May 10, 1934. Paragraph 4 of Treasury Decision 4432, however, provided that all regulations prescribed for the enforcement of the laws theretofore administered by the Commissioner of Industrial Alcohol or the Bureau of Industrial Alcohol and his assistants should continue in effect as regulations of the Bureau of Internal Revenue, and provided that the term "Supervisor or Supervisor of Permits," whenever used in such regulations, should be held to mean "District Supervisor." The effect of the decision, therefore, was that the power and duty of registering stills devolved upon the District Supervisor of the Alcohol Tax Unit, as the agent and assistant of the Deputy Commissioner of Internal Revenue. It is required that the registration of a still be made in quadruplicate, and that one copy be sent to the collector of internal revenue of the district, who continues to have jurisdiction over the collection of the tax. (See Regulations 8 concerning the manufacture of whisky, page 4.)

the first count of the indictment is therefore reversed, and the judgment on the second count affirmed.

Reversed as to count one, and affirmed as to count two.