**WILLIAMS v. UNITED STATES.**

No. 12263.

United States Court of Appeals
Fifth Circuit.

Oct. 22, 1948.

Writ of Certiorari Denied Jan. 10, 1949.

See 69 S.Ct. 412.

320

Hollis Fort, Hollis Fort, Jr. and John A. Fort, all of Americus, Ga., for appellant.

John P. Cowart, U. S. Atty., and Jack J. Gautier, Asst. U. S. Atty., both of Macon Ga., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The information in eighteen counts charged appellant, John T. Williams, with various violations of ration orders. On the first trial he was found guilty on counts 1 to 8 inclusive, and counts 10 and 18; and not guilty on the others. He paid fines on counts 10 and 18, but appealed as to counts 1 to 8 inclusive. For the sole reason that a bill of particulars which was asked for ought to have been given, this court reversed the case for further proceedings. Williams v. United States, 5 Cir., 164 F 2d 302. On the second trial the bill of particulars was furnished, a motion to dismiss was again made by Williams, and overruled; a plea of former jeopardy and res adjudicata was made by him and overruled; certain evidence was admitted over his objection; and certain requests to charge denied; a motion for instructed verdict of acquittal was denied; and the jury having found guilt on counts 1, 2 and 3 only, a motion in arrest of judgment was made and denied. On the present appeal, error is specified on each of these rulings.

1. The so-called motion to dismiss treated the bill of particulars as an amendment of the information reopening it to attack, although this court on the former trial had held there was no error in overruling the motion to dismiss the information. The information was not amended and its sufficiency was settled. We treat the present motion as an objection to the sufficiency of the bill of particulars. We find the bill a full statement of the information asked for so far as the prosecution could give it. The ration orders and regulations relied on were set out in full, and the details of the transaction in each count given, and the record of the evidence in the former trial was exhibited to show the full evidence relied on. As to each of the counts, 1, 2 and 3 it is stated that the United States Attorney does not have information as to how the defendant acquired the sugar ration stamps involved, but he believes that information is possessed by the defendant. Necessarily the defendant knew better than anyone else how he got them. The information alleged in each of these counts that the stamps had not been issued to and acquired by him in accordance with a ration order, and that was all that had to be proved to sustain the charge that his possession and use of them was unlawful. The bill of particulars was sufficient.

2. The pleas of former jeopardy and res adjudicata are based on the acquittal in the former trial under count 9 which charged generally that between Jan. 15, 1946, and the end of March, 1947, at Cordele, Georgia, the defendant had received about 1,000,000 pounds of sugar, a rationed commodity, in exchange for sugar ration stamps which he knew and had reason to believe were not acquired by him

in accordance with a ration order. Counts 1, 2 and 3, with which alone we are now concerned by reason of his acquittal on all other counts, charged respectively the unlawful acquisition and use and transfer of 911 sugar ration stamps at Cordele, Georgia, on or about April 14, 1947, and of 1730 such stamps on or about April 7, 1947, and 800 such stamps on or about May 5, 1947, in each instance "which aforesaid ration documents had not been issued to and acquired by said defendant John T. Williams in accordance with a ration order". The acquisition of sugar is not mentioned. Count 9 was based on Section 2.8 of General Ration Order 8 as amended, 8 F.R. 3783, which forbids the acquisition or transfer of a rationed commodity except in accordance with a ration order. Counts 1, 2 and 3 are based on Section 2.6 of General Ration Order 8 as amended, 8 F.R. 9626, which forbids the acquisition or possession or use of a ration document except by the person or his agent to whom it was issued or except as otherwise provided by a ration order. These are distinct offenses, one relating to rationed commodities, and the other to ration documents. Different proof is needed. Conviction or acquittal of one is no bar to a prosecution for the other, even though in the same transaction both sections were violated. Gavieres v. United States, 220 U.S. 338, 342, 31 S.Ct. 421, 55 L.Ed. 489. Acquittal under count 9, if dates be disregarded as it is argued they should be, might be an adjudication that a million pounds of rationed sugar or any part thereof were not acquired unlawfully within the period of limitation, but it would not establish that Williams on the dates alleged did not have and use sugar stamps which he had no right to have.

■ As to a second jeopardy, he was of course put to trial twice on counts 1, 2 and 3, but at his own instance and request by his taking the first appeal. That is no violation of the constitutional provision against double jeopardy for the same offense.

■ 3. Evidence was admitted that Williams stated to the officers that he was in the soft drink bottling business and all the sugar he purchased was on sugar checks and he had no business with sugar stamps; that he neither owned nor was connected with a grocery store, and the only stamps he had were his wife's at home, and he had never used any stamps; and he made no explanation about the 911 or 1730 or other sugar stamps. The only objection made to this evidence was that the pleadings did not authorize it. The objection was not good. There was positive evidence that Williams had and used the 911 and 1730 and 800 sugar stamps as charged in counts 1, 2 and 3, and the question was, Did he acquire and possess them in accordance with a ration order? His statement that all he ever had were those his wife had at home and he never used any, had a direct bearing on that question. If the jury disbelieved his denial that he had all the stamps testified to, and concluded he had and used them, they could reason that they were not stamps issued for his domestic use, since they represented tons of sugar, and his failure to explain how he came by them showed he had no innocent explanation. The evidence was relevant and bore on the charge in the information.

■ 4. A charge was requested and refused that evidence obtained by the "entrapment of a witness" was to be disregarded, and "in order for the witness to be entrapped some person must conspire with the witness in order to get the party against whom he or they are testifying to commit a crime for the purpose of obtaining the testimony". The entrapment of the accused by an officer witness was apparently meant, for it is argued that it occurred here because the dealer who was furnishing sugar to Williams permitted the officers to hide in his store where they could see the transactions to which they testified. The officers had no part at all in what Williams did; they simply spied on him, he not knowing they were present. There was no cause to reject their testimony as to what they saw, and no entrapment of Williams.

■ A further request which was refused was that the mere possession of a rationed commodity would not of itself be illegal nor would the mere possession of ration documents unless said documents were acquired illegally and the rationed commodity was acquired under such illegal

322

document, the burden being on the Government to establish these facts. From what has been said above about the separateness of the offenses here involved, this requested charge if given would have wrongly confused them and made them interdependent and was correctly refused. The charge given properly treated them separately. As to counts 1, 2 and 3 it said, "Of course mere possession of a stamp would not be a crime, but it is the unlawful possession of it without right or authority in law as authorized by the regulation". The usual charge was given also as to the burden being on the Government to satisfy of guilt beyond a reasonable doubt. There was no error.

**5.** As to the motion for verdict of acquittal, the evidence showed directly the possession and use of the large amounts of ration stamps alleged, and the stamps themselves were in evidence. It was proven that Williams was not in a business in which he could have stamps issued to him, for his allotment of sugar was withdrawn on checks as provided by the regulations, and the amount of the stamps showed they were not for his domestic use. He was not by his own admission a groceryman who would be authorized to receive such stamps in selling sugar at retail, nor connected with any such business. He made no explanation when asked about them, but resorted, as the jury might believe, to a false denial that he had them. On the trial, though necessarily knowing how he got them, he again offered no explanatory evidence. All this would justify the conclusion that he did not acquire them in accordance with any ration order. In criminal as in other cases where the party having the burden makes a probable case on an issue as to which the accused has peculiar knowledge of the facts and may easily prove them and the prosecution cannot, an inference arises that the truth is with the prosecution. Familiar instances are where one is charged with carrying on a business without a license or giving bond the accused must meet circumstances showing a probability by proof which he can easily make that he has a license or has given bond; Rossi v. United States, 289 U.S. 89, 53 S.Ct. 532, 77 L.Ed. 1051; or has paid the proper tax, Faraone v. United States, 6 Cir., 259 F. 507; or has registered and paid tax for dealing in narcotics, Taylor v. United States, 8 Cir., 19 F.2d 813, 816. So where one has possession of recently stolen goods and makes no satisfactory explanation of his possession he may be considered the thief. See generally 22 C.J.S., Criminal Law, §§ 571, 572, and cases cited. A case was made for consideration by the jury.

**6.** A motion in arrest of judgment because no offense is charged is authorized by Rules of Criminal Procedure 12(b) (2) and 34, but subject to the provisions of Rule 52(a), 18 U.S.C.A., on the subject of harmless error on review. Such a motion was made by Williams and overruled, his reliance being on a failure in counts 1, 2 and 3 to negative exceptions referred to in the enacting clause of Section 2.6 of Ration Order 8. According to Sutton v. United States, 5 Cir., 157 F.2d 661, 669, exceptions so made in such orders ought to be negatived. In Section 2.6 every person is forbidden to acquire, possess or use a ration stamp "except the person or the agent of the person to whom such ration document was issued, or except as otherwise provided by a ration order". These counts allege Williams unlawfully acquired, used, and possessed ration documents, being a stated number of sugar ration stamps, "which had not been issued to and acquired by him in accordance with a ration order." Perhaps strict pleading would have required a special allegation that he was not the agent of the person to whom they were issued, but the general allegation made really covers all cases in which acquisition could have been authorized by any ration order and includes the case of an agent. The omission, after verdict in a trial where Williams had full opportunity to show he was such agent and made no such claim, and no circumstance showed he was an agent, does not cause error in the trial court in refusing to arrest judgment, and if error it is not such error as should cause reversal in this court, since no substantial right of Williams was affected.

No reversible error appearing, the judgment is

Affirmed.