THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ ANTONIO NEGRÓN RAMOS, Defendant and Appellant.

No. 15542. Argued March 5, 1954.—Decided April 13, 1954.

*Gilberto R. Padró Díaz* for appellant. *José Trías Monge, Attorney General,* and *Rafael L. Ydrach Yordán, Assistant Fiscal of the Supreme Court,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

José Antonio Negrón Ramos was charged with two violations of § 81 of the "Spirits and Beverages Act," [1] consisting of having in his power and possession on January 10, 1953, and at his residence located at Barrio Garrapatas of Barceloneta, Puerto Rico, two stills containing drums, copper worms, rubber tubes and cold water pipes, without having registered them in the office of the Treasurer of Puerto

---

[1] Act No. 6 of June 30, 1936, (Third Spec. Sess. Laws, p. 44) as amended by Act No. 117 of April 27, 1949 (Sess. Laws, p. 392).

Rico.[2] The defendant filed a timely motion praying for the suppression of evidence which, in his opinion, was wrongfully obtained. After the motion was argued, the lower court overruled it, whereupon the cases were heard on the merits, and the defendant was found guilty and sentenced to serve concurrently three months in jail for each violation.

On appeal, the defendant charges the trial court with the commission of the following errors:

"1.—The trial court erred in dismissing the Motion for Suppression of Evidence Unlawfully Obtained, filed by appellant.

"2.—The trial court erred in admitting in evidence, the evidence illegally obtained.

"3.—The trial court erred in determining that the government's evidence was sufficient at law to support the informations."

The first two errors are predicated on the insufficiency of the affidavit supporting the warrant to search the appellant's residence. He contends that since possession of the articles described in the affidavit do not constitute an offense, the judge who issued the search warrant had no ground to determine the existence of probable cause. He is not correct. The Lieutenant of the State Police, Eduardo Rivera, sets forth in the aforesaid affidavit, referring to defendant-appellant, "that at his residence in the same barrio Garrapatas of Barceloneta, on the grounds near the Southern part, defendant manipulated two unmounted copper stills and that upon reaching the aforesaid house I saw many empty drums and others containing molasses for the clandestine manufacture of cane rum, . . . That the drums, worms and rubber tubes, make up the apparatus—stills, with the molasses ready for the manufacture of clandestine cane rum—which he possesses as owner without having paid the corresponding Internal Revenue tax to the Treasurer of

---

[2] Two informations were filed against defendant, that is, one for each of the stills seized.

Puerto Rico . . . That in accordance with this statement I pray the Hon. Justice of Peace of the Court of First Instance of Barceloneta to issue the corresponding search warrant in order to search the house of the respondent José Antonio Negrón Ramos, where he keeps in and around the house all the tools which are being employed in the manufacture of alcoholic beverages without having paid the Internal Revenue tax. . ."

Obviously, this affidavit accurately describes certain objects whose possession is forbidden by law, unless they are registered in the office of the Treasurer of Puerto Rico, to wit: two dismounted stills of the kind commonly used for the clandestine manufacture of cane rum. A witness need not be an expert in order to testify as to the existence of such stills. *People* v. *Negrón*, 29 P.R.R. 50; *People* v. *Rivera*, 32 P.R.R. 69 and *People* v. *Millán*, 33 P.R.R. 881. We conclude, therefore, that the affidavit is sufficient, and that consequently, since the search warrant and the search made of appellant's residence have not been contested on other grounds, they are legal and the objects and articles seized therein are admissible in evidence. The first two errors were not committed.

 The third error is directed to the sufficiency of the evidence. It is true that the prosecuting attorney did not prove at the trial that the two stills seized at defendant's were not recorded in the office of the Treasurer. We have repeatedly held that when it is shown that the still is found in the possession of the defendant, the burden is on him to prove that it was registered in the Treasury of Puerto Rico and that the government is not bound to prove that it was not registered. *People* v. *Figueroa*, 58 P.R.R. 675; *People* v. *Millán*, 33 P.R.R. 881; *People* v. *Hernández*, 30 P.R.R. 343. We can not agree with appellant that the doctrine laid down in those cases has been tacitly overruled in *People* v. *Rivera*, 75 P.R.R. 399. What we held in that last case was that an information under § § 7 and 8 of

Act No. 17 of 1951 (Sess. Laws, p. 426) for bearing, carrying or transporting a firearm whether loaded or not, or for bearing, carrying or transporting at the same time ammunition which could be discharged, must allege, as an essential requirement and in order to charge a prima facie crime, that the defendant does not possess a license to carry the weapon in question. In so holding we abided by an old doctrine that if the exception has been included in the definition of the offense in such a manner that a complaint which omitted it would not state one of the elements of the offense, then it is indispensable that the information deny the exception. See *People* v. *Cortés*, 24 P.R.R. 195; *People* v. *Avilés*, 54 P.R.R. 257; *People* v. *Muñoz*, 57 P.R.R. 212; *People* v. *Ramírez*, 65 P.R.R. 641. The problem involved in that case was, therefore, one of pleading and not of evidence. In an information under § 81 of the Spirits and Alcoholic Beverages Act [3] it is necessary to allege, in order that it state facts constituting an offense, that the defendant had not registered the still in the office of the Treasurer. As we have held in former cases, this fact does not have to be proved at the trial.

■■ Appellant urges that the doctrine followed in the cases of Figueroa, Millán and Hernández, *supra*, violates defendant's constitutional right of enjoying the presumption of innocence in criminal actions. Section 11 of Act II of the Constitution of the Commonwealth of Puerto Rico. This right is not new in our criminal law. The Code of Criminal

[3] Said § 81 provides:

"Section 81.—Every person who has in his possession or custody or at his disposition in any way, whether as owner, lessee, depository, or as guardian or otherwise, any mounted or unmounted still which is not registered with the Treasurer; or who fails to register any still that may be in his possession, on deposit, in his custody, or at his disposition in any way; or who prevents or hinders the free inspection thereof by an internal-revenue agent, shall be guilty of a misdemeanor. And every unregistered still shall be attached by the Treasurer or by internal-revenue agents, and confiscated and sold for the benefit of The People of Puerto Rico, of destroyed if they believe it advisable."

Procedure, approved on March 1, 1902 provides in § 236 that a defendant in a criminal action is presumed to be innocent until the contrary is proved, and if there is a reasonable doubt or basis for determining guilt, he is entitled to an acquittal. So that in deciding the cases of Figueroa, Millán and Hernández, we had in mind the afore-cited legal provision. The principle that establishes the presumption of innocence in favor of the defendant is an old maxim in the administration of the Angloamerican criminal law. The Federal as well as the State courts of the United States have accepted it unquestioningly as the rule.[4] There is, however, another rule, generally accepted by the American courts, to the effect that it is not incumbent upon the prosecution to adduce positive evidence to support a negative averment, the truth of which is fairly indicated by established circumstances and which if untrue could be readily disproved by the production of documents or other evidence probably within the defendant's possession or control *Rossi*

---

[4] The presumption of innocence was originally defined by the Supreme Court of the United States in *Coffin* v. *United States*, 156 U.S. 432, as follows:

"Now the presumption of innocence is a conclusion drawn by the law in favor of the citizen, by virtue whereof, when brought to trial upon a criminal charge, he must be acquitted, unless he is proven to be guilty. In other words, this presumption is an instrument of proof created by the law in favor of one accused, whereby his innocence is established until sufficient evidence is introduced to overcome the proof which the law has created." (*Coffin* v. *United States*, 156 U. S. 432.)

This definition, insofar as it considered that the presumption of innocence was an *instrument of proof* was apparently ratified in *Allen* v. *United States*, 164 U.S. 492. Although the *Coffin* case influenced the decisions of many courts, others set it aside. Moreover, the concept that the presumption of innocence was proof in favor of the defendant, was harshly criticized by the textwriters. The National Supreme Court itself departs from its definition and in *Agnew* v. *United States*, 165 U.S. 36, upon referring to the concept "legal presumptions are treated as evidence," it stated that this concept tended to be misleading. Subsequently in *Holt* v. *United States*, 218 U.S. 245, the refusal of the trial court to give an instruction to the jury that the presumption of innocence is evidence in defendant's favor, was upheld.

v. *United States*, 289 U.S. 89, cited with approval in *United States* v. *Fleishman*, 339 U.S. 349; IX Wigmore *On Evidence*, p. 275, § 2486 and cases cited at footnote 3; Underhill's *Criminal Evidence* (fourth edition) p. 1434, § 52 and cases cited at footnote 34, and p. 1434, § 789.

The applicability of this Rule to appellant's case is inescapable, especially keeping in mind our present legislation. Section 30 of the Spirits and Alcoholic Beverages Act provides: "Every distiller shall, at his own expense, provide a warehouse located on and forming a part of his distillery premises . . . ; but *no dwelling house shall be used for such purpose.* . . . ." [5]

Therefore, it was impossible for appellant to legally register in the office of the Treasurer the two stills seized at his residence. The burden of proof to show the lack of registration of these stills was not on the prosecuting attorney. *Rossi* v. *United States, supra.*

The judgments appealed from will be affirmed.

---

[5] Section 3 (6) of the Beverages Act defines "distiller" as follows:

"(6) *Distiller:* Every person who elaborates distilled spirits or who, by any process of distillation or evaporation, separates spirits, whether pure or impure, from any substance, whether fermented or not, or who, being in possession of, or using, a still, makes, prepares, or is in possession of any substance suitable for distillation."