A. M. Crabtree, Jr., Jacksonville, Fla., for appellants.

E. Coleman Madsen, John L. Briggs, Asst. U. S. Atty., Jacksonville, Fla., James L. Guilmartin, U. S. Atty., Miami, Fla., for appellee.

Before TUTTLE, JONES and BROWN, Circuit Judges.

**Vernon Clyatt REWIS and David Charles Johnson, Appellants,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16172.**

United States Court of Appeals
Fifth Circuit.

March 19, 1957.

PER CURIAM.

By a three-count indictment, appellants were charged with violations of Title 26 U.S.C.A., §§ 2810, 2834, 2833. From a conviction upon the third count of the indictment under § 2833 for carrying on the business of a distiller without having given bond as required by law, this appeal is taken.

■■ The defendants were found by agents of the Alcohol Tax Unit at a still in Nassau County, Florida. It was not operating. The appellant Johnson was chopping wood and the appellant Rewis was about to begin using a soldering iron. Rewis stated that the still be-

longed to him and that Johnson "just came down there to help". Nearby were grain and water in barrels which were not yet in the mash stage. Appellants took exception to the portion of the Court's charge instructing the jury that they might be found guilty if they had commenced the business of distiller even though actual distillation had not been made. We think the instruction proper. It was contended that a motion for a directed verdict of acquittal should have been granted because the still was not operating. We think the evidence was ample to sustain the conviction. Appellants contend that there should be no conviction absent affirmative proof that the appellants had not given bond as distillers as required by law. Such proof is not required as a part of the Government's case. It will be presumed in situations such as there is here that no bond was given. Rossi v. United States, 289 U.S. 89, 53 S.Ct. 532, 77 L.Ed. 1051.

The judgment of the district court is Affirmed.