# State of Vermont v. John C. Rowell

[136 A2d 349]

September Term, 1957.

Opinion Filed November 5, 1957

*Ralph Chapman* for the respondent.

*John S. Burgess*, State's Attorney, for the State.

**Cleary, J.** This is a prosecution for violation of the motor vehicle law. The complaint consisted of two counts. The first count charged that the respondent operated a tractor semi-trailer unit on a public highway when said motor vehicle

had defective equipment, to wit, inadequate brakes; the second count charged the operation of a tractor on the public highway with a semi-trailer attached when the semi-trailer had not been inspected as required by law. The respondent pleaded not guilty to both counts and waived a trial by jury. Trial was by the Brattleboro Municipal Court. The court found the respondent guilty and entered a judgment of guilty on both counts. The case is here on the respondent's exceptions to the denial of his motion for "a directed verdict" on both counts, and a motion to dismiss the second count.

No requests for findings of fact were filed and no findings of fact were made except the ultimate finding of "guilty" but both the State and the respondent ask that we look to the evidence to determine whether the finding of guilty is supported by the evidence.

 The respondent claims there was no evidence that the brakes on the tractor semi-trailer were inadequate as charged in the first count of the complaint. In considering this claim the evidence must be viewed in the light most favorable to the State. *State* v. *Demars*, 118 Vt 175, 176, 102 A2d 845, and cases there cited. The finding of the trial court must stand if there is legitimate evidence fairly and reasonably tending to support it, although there may be inconsistencies, or even substantial evidence to the contrary. *State* v. *O'Connell*, 118 Vt 55, 57, 99 A2d 705.

The undisputed evidence showed that on February 24, 1956, the respondent was driving a Vermont registered motor tractor. The tractor was attached to and was drawing a Vermont registered semi-trailer on U. S. Route 5, a public highway. The semi-trailer was 18 feet long and had a carrying capacity of 30,000 lbs. It was empty at the time. Two members of the Vermont State Police stopped the respondent. One of them checked the foot pedal on the tractor and found it was adequate. He testified he had no knowledge whether the brakes on the tractor would be adequate to stop the semi-trailer loaded to capacity within a prescribed distance. The officer also checked and inspected the semi-trailer. Both the diaphragm and the brake shoe on the left side of the semi-

trailer were missing. The diaphragm is the object that builds up the pressure when the brakes are applied. The hose and hose connection from the tractor to the trailer were missing so that the semi-trailer had no braking power at all and no brakes that could be applied.

The respondent also claims that the finding of guilty on the first count of the complaint is not supported by the evidence that the semi-trailer carried inadequate brakes. He admits that the first count of the complaint was brought under V. S. 47, §10,224 which provides that "A motor vehicle, operated on any highway, shall be in good mechanical condition and shall be properly equipped." The respondent does not deny that the semi-trailer had inadequate brakes but claims that point was not in issue. The complaint charged the operation of the tractor semi-trailer as a unit when it had defective equipment. The semi-trailer was a part of the unit; so the point that the semi-trailer had inadequate brakes was an issue in the case.

■ The respondent also claims a semi-trailer is not a motor vehicle within the meaning of V. S. 47, §10,044 (XXVIII) which reads as follows: " 'Standard equipment' and 'properly equipped' as applied to a motor vehicle shall include adequate tires, head lamps, tail lamp, lenses, reflectors, brakes, muffler, rear view mirror, windshield wiper, horn, windshield." Etc. He says if a semi-trailer is a motor vehicle the above mentioned items of equipment are required but to require a semi-trailer to be equipped with them would be the height of absurdity. Here again he makes the mistake of attempting to separate the semi-trailer from the tractor semi-trailer unit. The prosecution was not brought under V. S. 47, §10,044 but under §10,224. The only violation of §10,224 which the State charged was that the brakes on the motor vehicle were inadequate. The fact that §10,044 includes other items besides brakes in "standard equipment" and "properly equipped" was immaterial. V. S. 47, 10,044 (XV) as amended by §2 of No. 236 of the Acts of the Legislature of 1949 provides that "Motor Vehicle" shall include all vehicles propelled or drawn by power other than muscular power, with exceptions not

here material. The semi-trailer was being drawn by motor power and so was a motor vehicle as defined by the statute. Moreover, the claim that the semi-trailer is not a motor vehicle was not made a ground of the motion for a directed verdict below. The trial court cannot be put in error on a point not made below. *State* v. *Ball*, 119 Vt 306, 309, 311, 126 A2d 121, and cases there cited; *Bilodeau* v. *Reed*, 119 Vt 342, 347, 126 A2d 118. The facts we have stated *supra* show that the respondent violated the provisions of V. S. 47, §10,224. The motor vehicle was not in good mechanical condition and its equipment was defective. There was legitimate evidence fairly and reasonably tending to support the finding of guilty so that finding as to the first count of the complaint must stand.

The respondent claims his motion for a directed verdict on the second count of the complaint should have been granted because there was no evidence that the semi-trailer had not been inspected. In addition to the facts we have related *supra* the undisputed evidence showed that when he stopped the respondent one of the State police found an inspection sticker on the windshield of the tractor but found nothing either on the tractor or on the semi-trailer to indicate that the semi-trailer had been inspected. He asked the respondent whether the entire unit had been inspected and the respondent answered that the tractor was inspected. Official inspection stations obligate themselves to put inspection stickers only on those vehicles that meet all requirements and the semi-trailer would not have pased State inspection at the time of the alleged offense.

■ The respondent contends it was not made to appear that the respondent had any knowledge whether the semi-trailer had been inspected or that it was a matter peculiarly within the respondent's knowledge. The averment in the complaint that the semi-trailer had not been inspected was a negative one. Therefore it was not incumbent on the State to adduce positive evidence to support it after the truth of it was fairly indicated by established circumstances and which if untrue could be readily disproved by evidence

probably within the respondent's possession or control. *Rossi* v. *United States*, 289 US 89, 53 S Ct 532, 77 L Ed 1051, 1052, and cases there cited. Possession alone of personal property is presumptive evidence of ownership, and with nothing to oppose it is sufficient. *State* v. *Kamuda*, 98 Vt 466, 473, 129 A 306; *State* v. *Dropolski*, 100 Vt 259, 264, 136 A 835; *State* v. *Kempesti*, 102 Vt 152, 157, 147 A 273; *State* v. *Margie*, 119 Vt 137, 140, 120 A2d 807. If the semi-trailer had been inspected that fact was peculiarly within the respondent's knowledge and the burden of producing evidence of it was upon him. *State* v. *Hodgdon*, 41 Vt 139, 144; *State* v. *McCaffrey*, 69 Vt 85, 91, 37 A 234; *State* v. *Teitle*, 117 Vt 190, 211, 90 A2d 562. The State's evidence made out a prima facie case that the semi-trailer had not been inspected and, in the absence of any evidence to the contrary, was sufficient to support the finding of guilty. 23 CJS 133; *McCombs* v. *State*, 50 Tex Cr R 490, 99 SW 1017, 9 LRANS 1036, 123 ASR 855, 858; *State* v. *Dill*, 4 W. W. Harr., Del., 152 A 424; *State* v. *Hemingway*, 4 W. W. Harr., Del., 156 A 365, 366; *State* v. *O'Donnell*, 8 NJ Super 13, 73 A2d 207, 209; *State* v. *Nelson*, 139 Conn 124, 90 A2d 157, 158; 53 CJS 732, note 73; *Neven Bus Line* v. *Hostetter Co.*, 305 Pa 72, 155 A 872, 874. So the motion for a directed verdict was properly overruled.

At the close of the State case the respondent moved to dismiss the second count of the complaint. He admits in his brief this was not the proper procedure and cites *State* v. *Cocklin*, 109 Vt 207, 215, 194 A 378. However, he asks that we consider it because the State found no fault with the form of the motion in the court below but urged its denial on its merits.

■ The record does not show the ground of the trial court's decision in denying the motion to dismiss. Error must be made to appear. We affirm a ruling on any legal ground shown by the record even though the ground may not have been raised below. *Hanley* v. *United Steel Workers*, 119 Vt 187, 192, 122 A2d 872; *Peck* v. *Patterson*, 119 Vt 280, 282, 125 A2d 813; *Mason* v. *Chase*, 119 Vt 283, 285, 126 A2d 89.

*The exceptions are not sustained. The judgment of guilty on both counts is affirmed and the cause is remanded for sentence.*