**Archie Lee REYNOLDS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 6641.**

United States Court of Appeals
Tenth Circuit.

April 17, 1961.

Earl Boyd Pierce, Ray M. Pierce, Arthur L. Brook and Paul Gotcher, Muskogee, Okl., for appellant.

Harry G. Fender, Asst. U. S. Atty., Muskogee, Okl. (Frank D. McSherry, U. S. Atty., and Paul M. Brewer, Asst. U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before BRATTON, LEWIS and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Reynolds seeks to reverse his conviction on each count of a 4-count indictment on the ground that the evidence is insufficient to sustain the jury verdicts. Count 1 charges violation of the general conspiracy statute, 18 U.S.C. § 371; count 2 charges unlawful possession of an unregistered still, 26 U.S.C. §§ 5179 and 5601(a) (1); count 3 relates to the conduct of the business of a distiller without giving the required bond, 26 U.S.C. §§ 5173(b) and 5601(a) (4); and count 4 asserts the possession of distilled spirits in containers not bearing the required stamps evidencing tax payment, 26 U.S.C. §§ 5205(a) (2) and 5604(a) (1). Reynolds was sentenced to 9-month terms on counts 1, 2, and 4 and to six months on count 3, all terms to be served concurrently. Reynolds' aunt and co-defendant, Ruth Cathorn, was also convicted on each count but has not taken an appeal.

Pursuant to a search warrant federal officers investigated farm premises near Taft, Oklahoma, and found a butane-operated still in a padlocked shed immediately behind a house occupied by Ruth Cathorn. There was hot mash in the still and the cooling barrel was hot. The sign required by 26 U.S.C. § 5180 to indicate the business of a distiller was not posted. Inside the still house were glass jugs which contained distilled spirits and which displayed no revenue stamps. After the seizure of the still the officers arrested Reynolds at his home about one-half mile from the still house. In his pocket was a key which fitted the padlock on the still house door.

Prior to the search the officers had followed Reynolds to a nearby town where he had purchased butane and ice. When arrested he gave an account of his activities that day which differed from the observations of the officers. Each defendant took the stand and denied knowledge of, or participation in, the operation of the still. Reynolds accounted for the padlock key in his possession by saying that it was on a key ring which had been given him by his uncle prior to the uncle's departure for California some months previously.

We may not upset the verdict of the jury if, taking the view most favorable to the government, there is substantial evidence, either direct or circumstantial, which, together with the reasonable inferences to be drawn therefrom, sustains the verdict.[1] Counsel for Reynolds asserts that there is no evidence of nonregistration, failure to give bond, and nonpayment of tax. The first two of these assertions lack merit because the still was located in a shed in a yard connected to a dwelling house in violation of § 5601(a) (6) and in view of 26 U.S.C. §§ 5171 and 5173 neither registration nor bonding could have been accomplished. So far as tax payment is concerned, the containers did not bear the stamps required by § 5205(a) (2). Under Rossi v. United States, 289 U.S. 89, 91, 53 S.Ct. 532, 533, 77 L.Ed. 1051, this evidence is enough as the government is not required "to adduce positive evidence to support a negative averment the truth of which is fairly indicated by established circumstances and which if untrue could be readily disproved by the production of documents or other evidence probably within the defendant's possession or control." A review of the record convinces us that there is substantial evidence to sustain the verdicts.

Subparagraph 8 of our Rule 19, 28 U.S.C. requires that "all briefs shall be indexed as to points relied on and authorities cited in support of each point." The brief filed by the government fails to comply with this rule. Counsel are cautioned to exert care in meeting the exactions of the rules. Failure so to do can result in court order striking an offending brief.

Affirmed.

1. Corbin v. United States, 10 Cir., 253 F.2d 646, 648-649.