**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Charles R. SIMPSON, Defendant-Appellant.**

**No. 14451.**

United States Court of Appeals
Sixth Circuit.

Oct. 30, 1961.

Joseph L. Lackey, Jr., Asst. U. S. Atty., Nashville, Tenn. (Kenneth Harwell, U. S. Atty., Nashville, Tenn., on the brief), for plaintiff-appellee.

Philip M. Carden, Nashville, Tenn. (Dale M. Quillen, Nashville, Tenn., on the brief), for defendant-appellant.

Before CECIL, WEICK and O'SULLIVAN, Circuit Judges.

PER CURIAM.

This is an appeal from the conviction of defendant-appellant, Charles R. Simpson, on both counts of an indictment which charged him in the first count with possession, custody and control of an unregistered still (Title 26 U.S.C.A. § 5174) and in the second count with carrying on the business of a distiller of spirituous liquor without having given bond (Title 26 U.S.C.A. § 5606). Upon the trial, the Government offered no direct or record proof that the still was unregistered or that the required bond had not been given. On this appeal, defendant-appellant charges that his motion for acquittal at the close of the Government's case should have been granted upon his claim that there was no evidence from which the jury could find failure to register the still or failure to post bond. The Government relied upon circumstantial evidence to establish the claimed failure to register the still and to post bond. Under the circumstances of this case, we believe that there was sufficient proof from which the jury could find, beyond a reasonable doubt, that the still was unregistered and that defendant had failed to post bond. The case of Rossi v. United States, 289 U.S. 89, 53 S.Ct. 532, 77 L.Ed. 1051, supports the position of the Government that the evidence which it offered was circumstantially sufficient to allow the jury to find the facts necessary to sustain defendant's conviction.

Judgment of conviction is affirmed.