**UNITED STATES of America,**
**Appellee,**

v.

**Roy Lee JACOBS and Roy Thomas Taylor, Appellants.**

**UNITED STATES of America,**
**Appellee,**

v.

**Dacie BASS, Appellant.**

Nos. 11366, 11371.

United States Court of Appeals
Fourth Circuit.

Argued Oct. 6, 1967.

Decided Nov. 7, 1967.

R. Roy Mitchell, Jr., Durham, N. C. (Court-appointed counsel), for appellant in No. 11,366.

Jerry L. Jarvis, Durham, N. C., for appellant in No. 11,371.

William H. Murdock, U. S. Atty. (H. Marshall Simpson, Asst. U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and CRAVEN and BUTZNER, Circuit Judges.

BUTZNER, Circuit Judge:

Dacie Bass, Roy Lee Jacobs and Roy Thomas Taylor appealed from their convictions on charges arising from the manufacture of illegal whiskey. In four counts the indictment charged:

(1) Possession, custody and control of an unregistered still in violation of 26 U.S.C. §§ 5179 and 5601(a) (1);

(2) Carrying on the business of distillers without having given bond, in violation of 26 U.S.C. §§ 5173 and 5601 (a) (4);

(3) Fermenting mash fit for distillation at a place other than premises designated by law, in violation of 26 U.S.C. §§ 5222 and 5601(a) (7);

(4) Possession of nontaxpaid whiskey in violation of 26 U.S.C. §§ 5205(a) (2) and 5604(a) (1).

At the conclusion of the evidence the district court ordered each defendant acquitted on count one. The jury found the defendants guilty on the remaining counts.

With respect to count two the defendants conceded that there was sufficient evidence to be submitted to the jury as to (1) carrying on the business of distilling and (2) lack of registration. They attack their conviction on the ground that the government failed to prove that the qualification bond was not filed with the Secretary or his delegate.

The absence of the bond was fairly indicated by the circumstances. It was not incumbent on the government to produce positive evidence that it had not been given. Rossi v. United States, 289 U.S. 89, 91, 53 S.Ct. 532, 77 L.Ed. 1051 (1933).

The defendants seek to distinguish *Rossi* because there the still was illegally located in a dwelling house [26 U.S.C. § 5601(a) (6)] and the defendants could not lawfully give the required bond. Here the still was found in a densely wooded area which formerly had been a hog lot. The still was several hundred yards from a state road and could be reached only by a small footpath. The fact that the still was not in a dwelling house is not controlling. The principles stated in *Rossi* are not limited to such a narrow factual circumstance. There the Court said: [1]

"The general principle, and we think the correct one, underlying the foregoing decisions, is that it is not incumbent on the prosecution to adduce positive evidence to support a negative averment the truth of which is fairly indicated by established circumstances and which, if untrue, could be readily disprovèd by the production of documents or other evidence probably with-

---

1. Rossi v. United States, 289 U.S. 89, 91, 53 S.Ct. 532, 533, 77 L.Ed. 1051 (1933). Among the decisions to which the Court referred in formulating its general principle was Colasurdo v. United States, 22 F.2d 934 (9th Cir. 1927), where the still was not in a dwelling house.

in the defendant's possession or control."

On counts three and four each defendant received concurrent sentences of the same length as the sentence imposed upon him on count two. For this reason it is unnecessary on appeal to consider the errors assigned to counts three and four. Lawn v. United States, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed.2d 321 (1958); Hirabayashi v. United States, 320 U.S. 81, 105, 63 S.Ct. 1375, 87 L.Ed. 1774 (1943).

Affirmed.