**Charles ANDERSON, Sr., Appellant,**

v.

**UNITED STATES of America,
Appellee.**

No. 25164.

United States Court of Appeals
Fifth Circuit.

March 12, 1968.

William B. Dawson, III, Gerald R. Hart, Jacksonville, Fla., for appellant.

Samuel S. Forman, Asst. U. S. Atty., Jacksonville, Fla., Edward F. Boardman, U. S. Atty., Middle District of Florida, for appellee.

Before BROWN, Chief Judge, CLAYTON, Circuit Judge and McRAE, District Judge.

CLAYTON, Circuit Judge:

Appellant, Charles Anderson, Sr., with his son, Charles Anderson, Jr., and another, were convicted on trial to a jury of the charges made in a three-count indictment charging possession of an unregistered still, carrying on the business of a distiller without giving bond and making mash fit for distillation on undesignated premises. 26 U.S.C. §§ 5179, 5601(a) (1), (4) and (7). Only Anderson, Sr., appealed. He assigns four errors. The first, dealing with the adequacy vel non, of the instructions to witnesses when the rule of sequestration was revoked, is wholly without merit. This was a matter entirely within the discretion of the district judge; no objection was made, and no harm to appellant resulted. The second and third go to the sufficiency of the evidence. It is enough to say that the testimony of eyewitnesses was sufficient to place Anderson, Sr., at the still site; to show that he was personally actively assisting in readying the still for operation; that he came there with his son, Charles Anderson, Jr. (who brought materials useful in operating a still); that mash fit for distillation was in the "pot" of the still and that "moonshine" whiskey was nearby as were containers of types commonly used in illicit distilling. True, the "cap" and "reach arm" were not in place but were found concealed about 60 yards from the still and in the same direction which was traveled by Anderson, Sr., as he walked away from the still just before it was raided by the observing officers. The point that the "cap and reach arm" were not in place is controlled by Rewis v. United States, 242 F.2d 508 (5 Cir. 1959). See, also, Otto v. United States, 29 F.2d 504 (7 Cir. 1928). Cases cited by appellant are all factually different. Considering the totality of the evidence, it was more than sufficient to withstand appellant's motions, especially since the jury could have found appellant's unlikely exculpatory testimony to be incredible. Moreover, they could have so found, even on more believable testimony, since he admitted a prior felony conviction.

Appellant also now complains on the record for the first time of an instruction given by the district judge on intentional flight or concealment, claiming that there is no evidence at all against appellant to warrant such an instruction and that, therefore, this action constitutes plain error. Rule 52, Federal Rules of Criminal Procedure. We have concluded, however, that procedurally this case is one under Rule 30, Federal Rules of Criminal Procedure, which states in relevant part:

* * * No party may assign as error any portion of the charge or omission therefrom unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objections * * *

The district judge gave ample opportunity for objections after he had completed his instructions to the jury, and appellant made none. Moreover, it is clear that the other two defendants did attempt to escape, and the instruction was proper as to them. Also, when all of the circumstances shown by the evidence are considered, the jury would have been warranted in finding that appellant himself was fleeing intentionally. As he left the still site, he came within 40 feet of one of the officers who was then observing the still site. Just after he

passed that place, that officer saw and heard Charles Anderson, Jr., as he cried out, "Let's get out of here." Simultaneously, the officers raided the still site. It would have been reasonable for the jury to determine that Anderson, Sr., heard the outcry of his son to the third defendant and the noise incident to their attempted flight and the raid on the still. And, that having so heard, he continued on beyond where the "cap and reach pipe" were concealed until he was apprehended and arrested shortly thereafter by one of the officers who had tracked him through the woods. Additionally, the instruction under attack was couched in language which required a finding of intentional flight or concealment before it would apply to any defendant.

This case must be and is

Affirmed.