Ellis Thayer VAN NATTAN, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8368.

United States Court of Appeals Tenth Circuit.

March 1, 1966.

David R. Dickey, Oklahoma City, Okl., for appellant.

James R. Ward, Asst. U. S. Atty. (Newell A. George, U. S. Atty., and Guy L. Goodwin, Asst. U. S. Atty., on the brief), for appellee.

Before PICKETT, LEWIS and HILL, Circuit Judges.

HILL, Circuit Judge.

This is a direct appeal from a conviction upon a jury verdict of guilty of unlawfully entering a federally insured bank with the intent to commit a felony affecting such bank, as defined by 18 U.S.C. § 2113(a).

Appellant makes three points here, namely (1) that the evidence upon the issue of intent was insufficient for the submission of the case to the jury, (2) prejudice because of remarks by government counsel in his closing argument, and (3) that the services of court-appointed counsel were forced upon the appellant by the trial court in violation of his rights under the Sixth Amendment.

An appellate court, in determining the sufficiency of the evidence to support a jury verdict, cannot weigh the evidence in light of existing contradictions or inconsistencies. It can only determine whether there is substantial evidence to support the verdict and in so doing in a criminal case must view the evidence in a light most favorable to the prosecution. It is fundamental that the issue of criminal intent is usually a question of fact for the jury to decide. It is seldom susceptible of proof by direct evidence and in most cases must be proved by inference from the facts and circumstances of the particular case.[1] On this point we need not detail all of the evidence in the case but a recitation of the supporting substantial evidence is necessary.

The undisputed evidence shows that appellant walked into the Security National Bank in Kansas City, Kansas, during banking hours, on December 23, 1964. He first went to one of the customer tables in the lobby of the bank and wrote a note on the back of a withdrawal receipt blank, then proceeded to a teller's window and handed the note to the teller.[2] After reading the note, the teller began talking with him. She first asked him if he was sure he wanted to do this because it would cause trouble. Some discussion was had between them about an alarm and then she asked him how much money he needed and he said ten dollars. The teller then reached into her own purse and took out seven dollars and handed it to him. He thanked her and walked out of the door and was arrested on the street a short distance from the bank.

Within a few minutes after his arrest, he was questioned by an Agent of the F.B.I. and gave a voluntary written statement concerning the incident. In this statement he said, in part, that "About 1:00 p. m. today, December 23, 1964, I decided to rob the Security National Bank in Kansas City, Kansas." This in substance was the evidence before the jury as to the guilt of the appellant. Van Nattan took the witness stand in his own defense. He first admitted numerous previous felony convictions and then denied any intent to rob the bank. He stated that he only wanted to be arrested so that he could receive needed medical attention.

We certainly agree that the facts do not reveal the usual pattern of bank robbery cases. But be it usual or unusual, our only inquiry now goes to the sufficiency of the evidence on the element of intent. As a matter of law, the written statement that Van Nattan gave to the F.B.I. Agent minutes after the arrest was sufficient to take the question of intent to the jury as a question of fact. Although not a part of the written

---

1. Cummings v. United States, 10 Cir., 289 F.2d 904, cert. denied, 368 U.S. 850, 82 S.Ct. 83, 7 L.Ed.2d 48.

2. The note read as follows:
 " 'STICK UP' "
 "Give me a stack of bills 3″ high and act natural. No $1.00 bills. Be calm & no one will be harmed."

signed statement, the F.B.I. Agent testified that Van Nattan told him that "he went into the bank with the intention of robbing the bank." In addition, the handwritten note Van Nattan gave to the teller certainly was strong evidence of an intent to rob the bank. With all of this evidence in the record, as a matter of law, the trial judge properly submitted the question of intent to the jury as an issue of fact. The jury, by its verdict of guilty, found that intent had been proven. We will not disturb the jury verdict.

 Government counsel, during his closing argument, referred to appellant "as a narcotics user" and "as a man who was addicted to narcotics." No objection was made to such references at the trial. For that reason we are precluded from considering the point unless we can say it was plain error affecting appellant's substantial rights under Rule 52, F.R.Crim.P. There was evidence in the case to the effect that Van Nattan had been a user of narcotics and marijuana and that he had been convicted of possession of both marijuana and narcotics. In view of this evidence, even had timely objection been made, the government prosecutor's statements were within the bounds of proper argument.[3] We certainly cannot say that the argument constituted clear error.

In considering appellant's last point we must review the facts surrounding the appointment of counsel prior to trial. The formal charge was originally filed in Kansas City, Kansas. After an attorney was appointed to represent Van Nattan, a motion was filed by the defendant asking that the case be transferred for trial to Wichita. The transfer was ordered and the appointed counsel was relieved from the appointment. After the transfer, a Wichita lawyer was appointed to represent the defendant. This appointment was requested by the defendant and after talking with the appointed counsel Van Nattan in open court stated that the appointment was satisfactory

with him. Soon after this appointment, Van Nattan wrote the trial judge a letter complaining about the appointed lawyer's failure to subpoena certain witnesses. As a result Van Nattan was brought into court and the record discloses a lengthy colloquy between the trial judge, the appointed counsel and Van Nattan. It was explained to Van Nattan that a trial date had not been set so witness subpoenas could not be issued. The names of the suggested witnesses and the nature of their testimony are not disclosed anywhere in the record. The colloquy does disclose the preparation that appointed counsel had made up to that time in the case, which was extensive. From Van Nattan's answers to questions put to him at this time, it appears that he was satisfied with counsel except for the disagreement between them concerning the proposed witnesses. The record does not show any further complaints by Van Nattan to the court about his appointed counsel and the case proceeded to jury trial. There was no request by Van Nattan at any time that he be permitted to represent himself or that he waive the right to counsel, neither did he, at any time during the trial, complain to the court about his attorney's failure to call certain witnesses or about anything else concerning the conduct of the trial.

 An indigent defendant in a criminal case is entitled to have the effective assistance of counsel at all critical stages of the prosecution of the case against him.[4] This is a Federal Constitutional right and, of course, the trial judge no doubt was prompted by this Constitutional directive when he appointed counsel in this case. The record shows that he carefully questioned Van Nattan about his desire in the matter and then wisely made Van Nattan's acquiescence in the appointment a matter of record. It is true, as pointed out by counsel, that an indigent defendant may waive his Constitutional right to counsel, if done

3. Sanders v. United States, 10 Cir., 238 F.2d 145.

4. Massiah v. United States, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246.

intelligently and understandingly, and by statute,[5] he is given the right to represent himself. But this is not one of those cases. This man requested counsel and an able and experienced trial lawyer was appointed to represent him. At no time did he indicate a desire to waive the right to counsel or to defend himself. We have carefully read the trial record and it shows beyond any doubt that the court appointed counsel ably and skillfully conducted the defense but the jury didn't agree with the defense.

Affirmed.

---

5. 28 U.S.C. § 1654. See also Rule 44, F.R.Crim.P.