**UNITED STATES of America, Plaintiff-Appellee,**

v.

**David Louis COLLIER, Defendant-Appellant.**

**No. 17413.**

United States Court of Appeals Sixth Circuit.

Aug. 4, 1967.

Harold G. Korbee, Cincinnati, Ohio (Court-appointed), for appellant.

John H. Cary, Asst. U. S. Atty., Knoxville, Tenn. (J. H. Reddy, U. S. Atty., Knoxville, Tenn., on the brief), for appellee.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

EDWARDS, Circuit Judge.

The defendant was arrested, tried before a jury, and convicted on two bank robbery counts for violation of 18 U.S.C. §§ 2113(a) and 2113(d) (1964). He was given 17-year concurrent sentences on each. He also received a 5-year concurrent sentence for possessing an unregistered sawed-off shotgun in violation of the National Firearms Act, 26 U.S.C. §§ 5841, 5851 and 5862 (1964).

Defendant's basic defense at the trial and on appeal is that he never intended to commit a bank robbery and that his admitted appearance at the bank in question and pointing of the barrel of a sawed-off shotgun at the head of a bank employee was a joke. The bank employees did not, however, appreciate this sense of humor, even when in the midst of what appeared to them to be a robbery attempt, he walked out of the

bank without either taking any money or hurting anyone.

■ There were crucial disputes of fact concerning defendant's intent. At trial he testified that he only took the barrel of the sawed-off shotgun into the bank. Bank employees testified that he had the shotgun. When arrested he had the shotgun beside him, disassembled and four shells in his pocket. In any event, this defense was one of fact and inference which was properly submitted to the jury and rejected.

Court-appointed counsel claims that a statement taken from defendant was taken before he was produced before a United States Commissioner and without legal representation, in violation of legal and constitutional rights described in Mallory v. United States, 354 U.S. 449, 77 S.Ct. 1356, 1 L.Ed.2d 1479 (1957) and Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). He also contends that the trial court received in evidence the shotgun and shells seized at the time of appellant's arrest in violation of his Fourth Amendment rights.

■ The case was, however, tried May 27, 1966, before *Miranda* was decided. Hence, the specific rules in *Miranda* do not apply. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882 (1966). But here the FBI agents who were witnesses testified to full and complete constitutional warnings in advance of any questioning, and the written statement which defendant admits he signed contained acknowledgment of full warnings.

Also, it appears that there was competent evidence which the jury could have believed that he was first arrested at 3:30 p. m. on a warrant issued in relation to some offense in Blount County. He was thereupon taken to the Blount County sheriff's office, presumably to respond to that charge, at which point his captors learned of the bank holdup which had occurred in Sevierville that same day. Thereupon (the FBI agents testified) they warned him, took him to Knoxville, and produced him before a United States Commissioner, after having received a statement from him, all by 6:25 p. m.

No objection was made at trial to the admission of the sawed-off shotgun seized at defendant's arrest or the shotgun shells found on defendant's person. Defendant testified at trial and referred to the Blount County warrant which was outstanding at the time of his arrest.

■ Our examination of this record convinces us that the arrest was legal and that the statement taken and received in evidence was voluntarily given within the rules of Davis v. State of North Carolina, 384 U.S. 737, 86 S.Ct. 1761, 16 L.Ed.2d 895 (1966). Nor do we believe that the record discloses any "unnecessary delay" in violation of Rule 5(a) Fed.R.Crim.P.; United States v. Hensley, 374 F.2d 341, 350 (C.A. 6, 1967), cert. denied, 388 U.S. 923, 87 S.Ct. 2139, 18 L.Ed.2d 1364 (1967).

■ The transcript of the trial indicates that defendant was represented by an able trial lawyer. His failure to object to introduction of the evidence referred to we attribute to the facts he confronted. We believe the evidence referred to was properly admitted. We certainly find no "plain error" on this issue. See Rule 52(a) Fed.R.Crim.P.

On the whole record we find no error as to the bank robbery charges which prejudiced the rights of defendant.

■ Defendant's counsel also argues vigorously that the conviction and sentence on violation of the National Firearms Act must be set aside because of lack of any affirmative proof that the sawed-off shotgun was not registered. At oral argument the United States District Attorney conceded failure to introduce a certificate from the Secretary of the Treasury showing that the firearm was not registered as required by statute. He argued, however, that testimony of an FBI agent that defendant had told him that he had sawed off the barrel of the gun the night before the bank hold-up was evidence from which

the jury might properly have inferred lack of registration. While this argument certainly has much common sense to commend it, on balance we believe that the National Firearms Act is drafted in technical language and that the burden is on the government to prove all of the necessary elements of the crime. Lack of registration is one of these. United States v. Forgett, 349 F. 2d 601, 604 (C.A. 6, 1965), cert. denied, 383 U.S. 926, 86 S.Ct. 929, 15 L.Ed.2d 845 (1966); Frye v. United States, 315 F.2d 491, 494 (C.A. 9, 1963), cert. denied, 375 U.S. 849, 84 S.Ct. 104, 11 L.Ed. 2d 76 (1963). In the event of retrial on this count, if the facts contended for by the government exist, it should be simple to establish them.

The convictions under Counts 1 and 2 are affirmed.

The case is remanded to the District Court for the government to decide within ten (10) days whether or not again to put the defendant to trial on Count 3. In the event it determines not to do so, the judgment and sentence under Count 3 will be vacated.