**UNITED STATES of America, Plaintiff,**

**v.**

**Jearolds Hugh LAMB, Defendant.**

**Crim. A. No. 7034.**

United States District Court
E. D. Tennessee,
Northeastern Division.

Dec. 11, 1968.

J. H. Reddy, U. S. Atty., Chattanooga, Tenn., W. Thomas Dillard, Asst. U. S. Atty., Knoxville, Tenn., for plaintiff.

John A. Armstrong, Greeneville, Tenn., for defendant.

**420**

## MEMORANDUM OPINION
## AND ORDER

NEESE, District Judge.

The defendant Mr. Lamb was convicted by a jury under an indictment charging him with the unlawful possession of a weapon made from a 12-gauge shotgun, with a barrel 17⅞" in length, which had not been made in compliance with the requirements of 26 U.S.C. § 5821.[1] He interposed thereafter a timely motion to arrest the judgment, Rule 34, Federal Rules of Criminal Procedure, on the ground that the indictment charges no offense and renewed, Rule 29(c), Federal Rules of Criminal Procedure, his motion for entry of a judgment of acquittal, theretofore overruled by the Court at the conclusion of all the evidence, asking that the Court set aside the jury verdict of guilty and enter a judgment of acquittal. The Court has considered the grounds urged by the defendant in support of these motions and finds and concludes that each lacks merit.

It is undisputed that the defendant on July 3, 1968 was in the possession of a 12-gauge shotgun which had a barrel seventeen and nine-hundred/one thousandths inches (17⁹⁰⁰⁄₁₀₀₀") long, viz., a "sawed-off" shotgun, within the jurisdiction of this Court. The defendant volunteered the statement to officers, after being apprised of his rights to remain silent, to the assistance of counsel, and against incriminating himself, that he had measured the gun three times before altering it and thought it was eighteen inches (18") in length[2] after alteration. (he appears to have measured much, but not too well.)

Although the difference between the permissive length of the defendant's gun-barrel and its actual length after alteration was obviously minimal, the defendant cannot escape the consequences of his crime by reliance on the *de minimis maxim*. This doctrine applies to questions of minimal damage and transactions between one person and another, not to transactions between a person and the sovereign. " * * * (T)he National Firearms Act is drafted in technical language * * *." United States v. Collier, C.A. 6th (1967), 381 F.2d 616, 618, 619 [5, 6]. It must be construed, therefore, technically. Had the Congress intended to exempt from that Act firearms with barrels of nearly eighteen inches or more in length, it with facility could have so provided.

The more serious question involves the neglect of the prosecution[3] to have proved affirmatively the failure to file a written declaration of intention to make such a firearm and the payment of the making tax prior to the making. United States v. Collier, supra, 381 F.2d at 619 [5, 6]; United States v. Forgett, C.A. 6th (1965), 349 F.2d 601, 604 [2]. These allegations in the indictment are obviously negative averments, the truth of which was fairly indicated by the circumstances established by the proof and which, if untrue, could have been readily disproven by the defendant's production of documents or other evidence probably within his possession or control. " * * * (I)t is not incumbent on the prosecution to adduce positive evidence to support a negative averment, the truth of which is fairly indicated by established circumstances and which if untrue could be readily disproved by the production of documents or other evi-

---

1. This statute requires the filing of a written declaration of an intention to make such a firearm and the payment of a making tax of $200 prior to the making of such firearm.

2. It is not an offense to possess a shotgun having a barrel or barrels of 18 or more inches in length. 26 U.S.C. § 5848 (1).

3. At the conclusion of the evidence and after the defense had offered this omission as a ground for entry of a judgment of acquittal, the prosecuting attorney requested permission to reopen the action to allow him to offer such positive evidence. Such permission was not granted under these circumstances.

dence probably within the defendant's possession or control. * * * " Rossi v. United States (1933), 289 U.S. 89, 91–92, 53 S.Ct. 532, 77 L.Ed. 1051, 1052 (headnote 2). Without undertaking to distinguish *Forgett* and *Collier,* supra, from this Circuit, this Court is of the opinion that it should, and it hereby does, follow the above-quoted rule from the Supreme Court in *Rossi,* supra.

The aforementioned motions of the defendant of November 12, 1968, therefore, hereby are

Overruled.