**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Frank Travis CRUMBLEY, Defendant-Appellant.**

**No. 83–3651**

**Non-Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 5, 1984.

Thomas Keith, Federal Public Defender, Pensacola, Fla., for defendant-appellant.

Before VANCE, HENDERSON and CLARK, Circuit Judges.

PER CURIAM:

There is only one issue on appeal in this case, *i.e.* whether the evidence was insufficient to sustain the appellant's conviction for violating 18 U.S.C. § 2113(a),[1] entering a federally insured bank or savings and loan with the intent to commit a felony. The defendant contends specifically that

1. 18 U.S.C. § 2113(a) provides in pertinent part:

Whoever enters ... any bank, or any savings and loan association, or any building used in

the evidence was insufficient as a matter of law to establish his intent to commit any felony in the bank.[2]

The appellant relies upon *Prince v. United States*, 352 U.S. 322, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957), where the Supreme Court stated:

> It is fair inference from the wording in the Act, uncontradicted by anything in the meager legislative history, that the unlawful entry provision was inserted to cover the situation where a person enters a bank for the purpose of committing a crime, but is frustrated for some reason before completing the crime. The gravamen of the offense is not in the act of entering, which satisfies the terms of the statute even if it is simply walking through an open, public door during normal business hours. Rather the heart of the crime is the intent to steal. This mental element merges into the completed crime if the robbery is consummated.
>
> 77 S.Ct. at 406–407 (footnote omitted).

The underlying facts are not in dispute and the evidence, when viewed in the light most favorable to the government, indicates that on August 3, 1983, FBI agents in Pensacola, Florida, received a tip regarding a possible bank robbery. After receiving the call, a number of FBI agents took up surveillance in the area of the bank. At approximately 1:30 p.m., the defendant was observed using a pay telephone in front of the bank. He matched a description given by the caller earlier in the day. At approximately 2:00 p.m., the defendant entered the bank, went to a customer service table within the bank, removed a withdrawal slip, and wrote a demand note which stated, "Place money in bag and no tricks. I'll only ask you once. No bombs, no alarms." At the time the defendant entered the

bank, he was carrying a concealed and loaded 25 caliber revolver. After spotting an individual whom the defendant thought might be a police officer, the defendant exited the bank and remained in the general area for approximately three hours until he was arrested. At the time of his arrest and after being apprised of his constitutional rights, the defendant admitted that a partner had promised him $800 from the proceeds of a robbery, although not necessarily from the robbery of the bank in question.

The defendant's explanation for his conduct was that he and an individual named Mr. Evans had discussed committing a bank robbery. Mr. Evans had dropped him off at the bank earlier that day. However, he explained that he only entered the bank and wrote the demand note out of fear Evans would not give him a ride home if he refused to do so. The jury found the defendant guilty and he appeals on the basis that the evidence was legally insufficient to sustain the conviction.

The government concedes that this is a close case. However, it argues that in light of the particular facts and in light of other cases sustaining convictions under similar insufficiency challenges that the conviction should not be disturbed by this court. An examination of several of these cases leads us to the conclusion that the government is correct.

In *Van Nattan v. United States*, 357 F.2d 161 (10th Cir.1966), the defendant went into a bank, wrote a note, handed the note to the teller, and then after some discussion with the teller received seven dollars from her personally and left the bank. He was arrested shortly thereafter and told the police that he had intended to

---

whole or in part as a bank, or as a savings and loan association, with intent to commit in such bank, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, or such savings and loan association and in violation of any statute of the United States, or any larceny—

**2.** Under this standard an appellate court must decide whether a "reasonable trier of fact could

find that the evidence established guilt beyond a reasonable doubt." *United States v. Bell*, 678 F.2d 547 (5th Cir. Unit B 1982) (en banc) aff'd on other grounds, 462 U.S. 356, 103 S.Ct. 2398, 76 L.Ed.2d 638 (1983). The evidence must be viewed in the light most favorable to the government and does not have to exclude every reasonable hypothesis of innocence.

rob the bank. At trial, defendant denied that he intended to rob the bank and stated that he only wanted to be arrested so that he could get medical help. Relying on the note and the defendant's statement to the police after arrest, the court found that the evidence was sufficient to sustain a conviction for intent to rob a bank.[3]

In *United States v. Collier*, 381 F.2d 616 (6th Cir.1967), a defendant walked into a bank, pointed a shotgun at a teller, and then walked out of the bank. He was arrested shortly thereafter with a shotgun and shotgun shells. At trial, the defendant maintained that he never intended to rob the bank but was merely executing a joke. The court, needless to say, did not appreciate his brand of humor and found that the evidence was legally sufficient to sustain a conviction for intent to rob a bank.

In *United States v. Rines*, 453 F.2d 878 (3d Cir.1971), appellant challenged the sufficiency of the evidence to support a finding that he entered a bank with the intent to commit a robbery, the same issue as is present in this case. The government's proof of intent at trial was an admission by the appellant that he had thought about holding up the bank with a starter's pistol. The court found this statement by the defendant, as well as the other tangible evidence corroborating the statement, sufficient to establish the necessary intent.

In *United States v. Foster*, 478 F.2d 1001 (7th Cir.1973), the police received a tip that a bank robbery was going to take place. That afternoon two men roughly matching the descriptions of the robbers entered the bank. The men wore large floppy hats and sunglasses. According to the officers observing the men, they appeared to be nervous and one of them got in and out of a teller line several times. After briefly conversing, and apparently focusing their at-

tention on an unmarked police car in front of the bank, the individuals hurriedly departed. Shortly thereafter, they were stopped and placed under arrest and a loaded pistol and trash bags were found on their presence. Additionally, at trial, one of the defendants testified that it was their intention to rob the bank. The court found that there was sufficient evidence to sustain their conviction for entering the bank with the intent to commit a robbery.

It appears that the evidence in this case, when viewed in the light most favorable to the government and in light of the precedent recited above from other circuits facing similar situations, does not support a reversal on the basis of insufficient evidence.

AFFIRMED.

---

**3.** The Court in *Van Nattan* observed:

An appellate court, in determining the sufficiency of the evidence to support a jury verdict, cannot weigh the evidence in light of existing contradictions or inconsistencies. It can only determine whether there is substantial evidence to support the verdict and in so doing in a criminal case must view the evi-

dence in a light most favorable to the prosecution. It is fundamental that the issue of criminal intent is usually a question of fact for the jury to decide. It is seldom susceptible of proof by direct evidence and in most cases must be proved by inference from the facts and circumstances of the particular case. 357 F.2d at 162 (footnote omitted).