ORDER AND JUDGMENT*
CARLOS F. LUCERO, Circuit Judge.
Martin Vandemerwe appeals his conviction for possession of methamphetamine with intent to distribute. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.
I
On June 1, 2006, police obtained a search warrant for Vandemerwe’s basement apartment in West Jordan, Utah. The warrant was based largely on information provided by two confidential informants to Detective Rapela, the supporting affiant. According to Rapela’s affidavit, the first confidential informant (“Cl# 1”) told Rapela of a person named “Martin” who was selling methamphetamine in West Jordan. Cl# 1 reported giving an acquaintance a ride to a certain apartment, where the acquaintance purchased an ounce of methamphetamine. After Cl# 1 identified the apartment, Rapela learned that “Martin” was Martin Vandemerwe through an independent investigation.
The second confidential informant (“Cl# 2”) was James Mickelsen. While conducting surveillance of Vandemerwe’s apartment, Rapela observed a vehicle parked in Vandemerwe’s driveway that was registered to Mickelsen. When Mickelsen departed, Rapela stopped his vehicle pursuant to an existing arrest warrant and discovered approximately eleven grams of methamphetamine on Mickelsen’s person. Mickelsen admitted to Rapela that he obtained the methamphetamine from Vandemerwe, and stated that Vandemerwe had approximately two to three ounces of methamphetamine in his residence. Rape-la informed Mickelsen his cooperation would be shared with the prosecutor.
Also included in Rapela’s affidavit was information obtained from Detective Shumway of the West Jordan City Police Department. Shumway told Rapela that she knew Vandemerwe’s apartment to be a “drug house” at which she had arrested Jeff Pickelsimer, a known drug user.
While Rapela obtained the search warrant, other officers observed two women, later identified as Joanna Wood and Audrey Reinhardt, enter Vandemerwe’s apartment and leave twenty to thirty minutes later. When an officer approached the women’s vehicle, Wood admitted to the officer that she had methamphetamine in her purse. Wood and Reinhardt were taken into custody.
Rapela returned to Vandemerwe’s apartment with the search warrant, took Vandemerwe into custody, and advised *346 him of his Miranda rights. Vandemerwe initially denied possessing any methamphetamine. However, after Rapela told Vandemerwe that he had just spoken with Wood and Reinhardt, Vandemerwe admitted he had given methamphetamine to Wood a short time earlier. He also admitted he had a small amount of methamphetamine under the bathroom sink. Police proceeded to find a small plastic baggie containing methamphetamine under Vandemerwe’s bathroom sink. They also found two types of “cut” — white powdery substances added to methamphetamine to increase its weight.
Vandemerwe denied having any other methamphetamine, claiming that he had given all of his remaining drugs to another person. But after further searching police found a black “Case Logic” bag hidden in a dropped ceiling. The bag contained approximately five ounces of methamphetamine and several plastic baggies. When confronted with the bag, Vandemerwe admitted that it was the methamphetamine he claimed to have given to another person. He also indicated that he owed $1,100 per ounce for the methamphetamine, and expressed concern that he would have to explain the loss of this methamphetamine to his suppliers.
A jury convicted Vandemerwe on one count of possession of methamphetamine with intent to distribute.
II
Vandemerwe first claims that the government violated his right to due process by failing to preserve the methamphetamine seized from Mickelsen. However, the record on appeal does not demonstrate that police actually failed to preserve this evidence. During the cross-examination of Rapela, defense counsel inquired about the methamphetamine seized from Mickelson:
Q. The items that we have introduced into evidence, 16, 17 and 18, number 16 is the meth from Wood’s purse; is that right?
A. Yes.
Q. 17 is the meth from under the sink?
A. Yes.
Q. 18 is the Case Logic bag and the contents?
A. Yes.
Q. Including the methamphetamine that was in there?
A. No. I believe the methamphetamine was marked as an exhibit.
Q. 15?
A. Yes.
Q. We don’t have the meth that was seized from Mr. Mickelsen, do we?
A. No, sir.
Q. Is that in existence today or did that get destroyed?
A. I am not certain.
This exchange reveals that the drugs seized from Mickelsen were not in court, and that Rapela was unsure whether the drugs had been destroyed. At best, the record is ambiguous as to whether the drugs were preserved. Vandemerwe did not question Rapela on this specific point, nor did he advance his due process argument before the district court.
“When a party asserting an issue fails to provide a record sufficient for considering that issue, the court may decline to consider it.” 10th Cir. R. 10.3(B). We have noted that “[a]n appellant who provides an inadequate record does so at his peril.” Dikeman v. Nat’l Educators, Inc., 81 F.3d 949, 955 (10th Cir.1996) (citation omitted). Our sister circuits have observed that destruction of the evidence claims must be raised before the district court to be considered on appeal. See United States v. Larkins, No. 95-5685, 1996 WL 411216, at *2-3 (6th *347 Cir. July 22, 1996) (unpublished); United States v. Robinson, 503 F.2d 208, 214 (7th Cir.1974) (“[F]ailure to raise the issue below denied the trial judge an opportunity to pass on the factual questions ... this has left the record so incomplete that we cannot resolve it....”).
Because Vandemerwe did not raise this issue before the district court, he forfeited the issue, and the record is inadequate to support appellate review.[1] We will not assume that the drugs were destroyed on the sole basis of Rapela’s ambiguous testimony. Rather we decline to address the issue given Vandemerwe’s failure to develop an adequate record.[2]
Ill
Vandemerwe next argues that the district court erred by failing to hold a hearing pursuant to Franks v. Delaware, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), on the veracity of the warrant affidavit. “[W]e have not expressly indicated what standard of review applies to a district court’s refusal to conduct a Franks hearing.” United States v. Archuleta, 222 Fed.Appx. 710, 715 (10th Cir.2007) (unpublished). Our sister circuits are split with respect to the appropriate standard of review on this issue. See United States v. Stewart, 306 F.3d 295, 304 (6th Cir.2002). Some employ a clear error standard of review. See United States v. Buchanan, 985 F.2d 1372, 1378 (8th Cir.1993); United States v. Skinner, 972 F.2d 171, 177 (7th Cir.1992); United States v. Hadfield, 918 F.2d 987, 992 (1st Cir.1990); United States v. 15 Black Ledge Drive, 897 F.2d 97, 100 (2d Cir.1990). Other circuits apply a de novo standard of review. See United States v. Gonzalez, Inc., 412 F.3d 1102, 1110 (9th Cir.2005); United States v. Martin, 332 F.3d 827, 833 (5th Cir.2003). It is not necessary to resolve the standard of review in this case, because we would affirm the district court’s determination under either standard.
Under Franks, there is a “presumption of validity with respect to the affidavit supporting the search warrant.” 438 U.S. at 171, 98 S.Ct. 2674.
Before the defendant will be entitled to [a Franks ] hearing, however, the defendant must allege deliberate falsehood or reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. Affidavits of witnesses should be provided to the court or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient. If these requirements are met, then the defendant must show that the remaining content of the warrant affidavit is insufficient to support a finding of probable cause. The standards of deliberate falsehood *348 and reckless disregard set forth in Franks apply to material omissions, as well as affirmative falsehoods.
United States v. Artez, 389 F.3d 1106, 1116 (10th Cir.2004) (quotations and citations omitted).
Rapela’s affidavit states that Cl# 1 reported giving an acquaintance a ride to Vandemerwe’s apartment, where the acquaintance purchased methamphetamine. Vandemerwe offered an affidavit from an investigator who interviewed the acquaintance. According to the investigator’s affidavit, the acquaintance denied purchasing methamphetamine. However, Vandemerwe has not alleged that Rapela knew of this alleged falsehood or recklessly disregarded it. Nor does the investigator’s affidavit contradict any statement contained in Rapela’s affidavit.
Vandemerwe also contends that the affidavit was problematic because Rapela failed to mention that the basis for referring to Vandemerwe’s apartment as a “drug house” was an arrest that occurred two years earlier. The affidavit refers to the arrest, but does not provide a time-frame. This challenge fails because the timing of the arrest would not refute the existence of probable cause. See id. 389 F.3d at 1117 (omission of the fact that defendant’s two prior arrests occurred “many years ago and did not result in convictions” was immaterial to the probable cause analysis).
Finally, Vandemerwe argues that a Franks hearing was required because Rapela omitted certain information regarding his interaction with Mickelsen, a/k/a Cl# 2. Specifically, Vandemerwe argues that the affidavit should have included: (1) the fact that Rapela communicated to Mickelsen his suspicion that Vandemerwe was the source of Mickelsen’s methamphetamine; and (2) the fact that Rapela told Mickelsen he might receive lenient treatment if he provided reliable information. But neither putative omission was actually left out of the affidavit. First, Rapela’s affidavit states that “Cl# 2 admitted the methamphetamine your affiant had discovered had just been given to him by VANDEMERWE.” This statement conveys that it was Rapela who suggested that the methamphetamine originated with Vandemerwe. Second, Rapela states in his affidavit that “[y]our affiant told Cl# 2 that their [sic] cooperation would be passed on to the prosecutor in his/her case for consideration.” Thus, Rapela included his suggestion to Mickelsen of the possibility of lenient treatment.
Vandemerwe has not met his burden of presenting proof to entitle him to a Franks hearing. We therefore affirm the district court’s order denying Vandemerwe’s motion.
IV
Lastly, Vandemerwe argues the evidence was insufficient to establish that he possessed the methamphetamine discovered in the “Case Logic” bag because it was discovered in an area of the house accessible by his part-time roommate, Mickelsen. Vandemerwe did not raise the issue of the sufficiency of the evidence before the district court, and thus we review only for plain error. United States v. Kaufman, 546 F.3d 1242, 1247 (10th Cir.2008), cert. denied, — U.S. -, 130 S.Ct. 1013, 175 L.Ed.2d 621 (2009).
Even though we must review their sufficiency of the evidence claim for plain error, a conviction in the absence of sufficient evidence of guilt is plainly an error, clearly prejudiced the defendant, and almost always creates manifest injustice. Therefore, plain error review and de novo review are functionally equivalent so long as the fourth prong of *349 plain error review — that the error seriously affects the fairness, integrity, or public reputation of judicial proceedings — is also met.
Id. at 1263 (quotation omitted).
“Evidence is sufficient to support a conviction if a reasonable jury could find the defendant guilty beyond a reasonable doubt, given the direct and circumstantial evidence, along with reasonable inferences therefrom, taken in a light most favorable to the government.” United States v. Nelson, 383 F.3d 1227, 1229 (10th Cir.2004). Evidence is evaluated by “considering the collective inferences to be drawn from the evidence as a whole.” Id. We do not weigh conflicting evidence or second-guess the fact-finding decisions of the jury. See Van Nattan v. United States, 357 F.2d 161, 162 (10th Cir.1966).
“Constructive possession exists when a person does not have actual possession, but knowingly holds the power to exercise dominion and control over an object.” United States v. Sullivan, 919 F.2d 1403, 1430 (10th Cir.1990) (quotations omitted).
In cases of joint occupancy, where the government seeks to prove constructive possession by circumstantial evidence, it must present evidence to show some connection or nexus between the defendant and the firearm or other contraband. A conviction based upon constructive possession will be upheld only when there is some evidence supporting at least a plausible inference that the defendant had knowledge of and access to the weapon or contraband.
United States v. Mills, 29 F.3d 545, 549-550 (10th Cir.1994) (quotations and alteration omitted).
According to Rapela’s testimony, when police discovered the “Case Logic” bag of methamphetamine in the ceiling, Vandemerwe stated that he owed $1,100 an ounce for that methamphetamine, and that the methamphetamine was the same five ounces he claimed to have given to another person. This testimony provides the requisite nexus between Vandemerwe and the methamphetamine required to establish constructive possession. Vandemerwe’s statements, relayed by Rapela, indicate not only knowledge of, but also control and dominion over, the methamphetamine in the “Case Logic” bag. Viewed in the light most favorable to the government, the evidence was sufficient for a reasonable juror to conclude beyond a reasonable doubt that Vandemerwe constructively possessed that methamphetamine.
V
For the foregoing reasons, we AFFIRM the district court’s ruling and Vandemerwe’s conviction.

 The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

. The concurrence emphasizes the distinction between an appellant’s failure to develop an adequate record below and his failure to submit an adequate record for appellate review. In the instant case, this is a distinction without a difference. Whether Vandemerwe failed to develop the record at trial or merely submitted an incomplete record is irrelevant, because the result is the same: we do not have an adequate record for appellate review. Failure to submit an adequate record necessarily follows from the failure to develop the record below.

. The Sixth Circuit has indicated that plain error review of destroyed evidence claims may be appropriate in some cases. See United States v. Edge, 989 F.2d 871, 876 (6th Cir.1993) (per curiam). Even if plain error review were applicable (which we do not decide), we conclude that the district court did not plainly err given the absence of evidence plainly showing that the methamphetamine at issue was actually destroyed. See United States v. James, 257 F.3d 1173, 1182 (10th Cir.2001) (to obtain relief under plain error standard, alleged error must be plain or obvious).