**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 11, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

MARTIN R. VANDEMERWE,

    Defendant - Appellant.

No. 13-4020

(D. Utah)

(D.C. Nos. 2:11-CV-01187-DB and
2:07-CR-00111-DB-1)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this matter. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Martin R. VanDeMerwe, proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the dismissal of his 28 U.S.C.

_____

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 32.1.

§ 2255 motion.  For the following reasons, we deny him a COA and dismiss this matter.

## BACKGROUND

Mr. VanDeMerwe was convicted by a jury of one count of possession of methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).  After the jury verdict, but before sentencing, Mr. VanDeMerwe's counsel moved the court to evaluate Mr. VanDeMerwe's competency.  The district court granted the motion and subsequently amended the motion to include a psychological examination.  Mr. VanDeMerwe was found to be competent.

Mr. VanDeMerwe was then sentenced to twenty years' imprisonment.  He appealed his conviction, which was affirmed by our court.  United States v. VanDeMerwe, 405 Fed. Appx. 344 (10th Cir. 2010).[1]  Mr. VanDeMerwe then filed the instant 28 U.S.C. § 2255 motion, claiming counsel was ineffective in a variety of ways.  In particular, as recited by the district court, Mr. VanDeMerwe alleged his:

> trial counsel was constitutionally ineffective for the following reasons:  (1) counsel never quizzed Vandemerwe regarding his ability to comprehend the charges or their possible consequences; (2) counsel failed to make objections regarding Vandemerwe's alleged disabilities; (3) counsel referred to Vandemerwe by the wrong name

---

[1]The facts of this case are set forth in detail in our opinion affirming Mr. VanDeMerwe's conviction, and are repeated here only as necessary to address the issues relevant to his COA application.

on at least one occasion; (4) an investigative report shows counsel's lack of preparedness and communication with Vandemerwe before trial; (5) a newly discovered document shows that Mickelson [one of Mr. VanDeMerwe's drug buyers] committed perjury and his motive behind it; and (6) a supplemental report shows that key evidence used to obtain the search warrant [for Mr. VanDeMerwe's apartment] was destroyed.

Order at 4-5.

The district court rejected each of these claims of ineffectiveness, finding that counsel's performance met the objective standard of reasonable performance under the familiar ineffective assistance of counsel standard in Strickland v. Washington, 466 U.S. 668 (1984). The district court also held that none of the claims satisfied the prejudice prong of Strickland, as none of the claimed attorney deficiencies "had any conceivable effect on the outcome of the proceeding." Order at 7 (citing Strickland, 446 U.S. at 693). The district court also determined that Mr. VanDeMerwe had waived various unspecified arguments because he raised them for the first time in his reply brief.

The district court subsequently denied Mr. VanDeMerwe's motion for reconsideration, noting that "even if the court had thoroughly considered the newly-framed arguments in the Reply memoranda, it would not have altered the court's decision." Order Denying Motions at 2. It also denied his request for a COA, finding that "reasonable jurists could not debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Id. (citing Miller-El v.

Cockrell, 537 U.S. 322, 336 (2003)).  Mr. VanDeMerwe has renewed his request

for a COA, this time with our court.

**DISCUSSION**

A COA is a jurisdictional prerequisite to this court's review of a § 2255

motion.  28 U.S.C. § 2253(c)(1)(B); see Allen v. Zavaras, 568 F.3d 1197, 1199

(10th Cir. 2009) (citing Miller-El, 537 U.S. at 336). "We will issue a COA only if

the applicant has made a substantial showing of the denial of a constitutional

right." Allen, 568 F.3d at 1199 (quoting 28 U.S.C. § 2253(c)(2)).  In order to

make such a showing, a prisoner must demonstrate "that reasonable jurists could

debate whether (or, for that matter, agree that) the petition should have been

resolved in a different manner or that the issues presented were adequate to

deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473,

484 (2000) (citation and internal quotation marks omitted).

Where the district court denies a motion on procedural grounds, as well as

on the merits of the underlying constitutional claims, the movant must show that

reasonable jurists would find debatable *both* (1) whether the motion states a valid

claim of the denial of a constitutional right, *and* (2) whether the district court was

correct in its procedural ruling. "Where a plain procedural bar is present and the

district court is correct to invoke it to dispose of [an issue], a reasonable jurist

could not conclude either that the district court erred in dismissing the [issue] or

-4-

that the [movant] should be allowed to proceed further.  In such a circumstance, no appeal would be warranted."  Id.

Furthermore, "[w]e recognize that in determining whether to issue a COA, a 'full consideration of the factual or legal bases adduced in support of the claims' is not required."  United States v. Moya, 676 F.3d 1211, 1213 (10th Cir. 2012) (quoting Miller-El, 537 U.S. at 336).  Additionally, bearing in mind "the standard of review governing a request for a [COA], . . . 'the district court's legal rulings on a § 2255 motion [are reviewed] de novo and its findings of fact for clear error.'"  United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000) (quoting United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998)).

In this case, the district court denied Mr. VanDeMerwe's § 2255 motion on both procedural grounds and on the merits.  It refused to consider certain issues, as it viewed them as waived because they were raised for the first time in Mr. VanDeMerwe's reply brief.  That was accordingly a procedural determination.  His other claims, all relating to ineffective assistance of counsel, were addressed and rejected on their merits.

Mr. VanDeMerwe  renews the ineffectiveness claims in his request for a COA from this court.  He also, however, adds two claims not raised below.  We consider whether any of them meet the standard for issuance of a COA.

## I.  Ineffective Assistance of Counsel

"To succeed on an ineffectiveness-of-counsel claim, Defendant must make two showings:  'that counsel's representation fell below an objective standard of reasonableness,' rendering his or her performance deficient; and that the deficiency prejudiced the defense."  Davis v. Workman, 695 F.3d 1060, 1071 (10th Cir. 2012) (quoting Strickland, 466 U.S. at 687-88 (1984)), cert. denied, 133 S. Ct. 1845 (2013).  For Mr. VanDeMerwe to prove that he was prejudiced by his counsels' claimed ineffectiveness,[2] he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland, 466 U.S. at 694.  "These two prongs may be addressed in any order, and failure to satisfy either is dispositive."  Hooks v. Workman, 689 F.3d 1148, 1186 (10th Cir. 2012) (citation omitted).  We note that an analysis of an attorney's effectiveness begins with the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.

While it is not completely clear, Mr. VanDeMerwe appears to argue in his application for a COA that nobody (neither the court, the prosecutor nor defense counsel) properly or fully read the competency evaluation report regarding

---

[2]Mr. VanDeMerwe was represented by at least three attorneys during his trial and sentencing.  He claims each provided ineffective assistance in different ways, although his arguments lack precision.

Mr. VanDeMerwe, which was prepared by Dr. Alicia M. Gilbert. He argues that, as a result, he (Mr. VanDeMerwe) was unable to assist in his own defense. To the extent this is the same argument he made to the district court below,[3] we find that the district court's conclusion that there was no violation of the Strickland performance standard resolves it, as the district court's analysis is not debatable among reasonable jurists. Any other claims cannot be raised for the first time on appeal. See United States v. Viera, 674 F.3d 1214, 1220 (10th Cir. 2012).

The "second issue" Mr. VanDeMerwe identifies in his COA application is another claim of ineffective assistance of counsel based upon defense counsel Fred Metos's performance at trial. Among the claimed failings by Mr. Metos was his "neglecting to take action regarding[] deficits in petitioner's ability to fully comprehend and understand his situation," including Mr. VanDeMerwe's apparent rejection of a ten-year imprisonment plea agreement. Appellant's Opening Br. at 7. While Mr. VanDeMerwe alleges various other failings by defense counsel, we fully agree with the district court's analysis of this entire argument:

> [Mr. VanDeMerwe] fails to describe when counsel's alleged failures occurred. As referenced above, counsel moved the court to evaluate

[3]Mr. VanDeMerwe argued to the district court that his counsel was ineffective because counsel never quizzed Mr. VanDeMerwe regarding his ability to comprehend the charges and/or their possible consequences and because counsel failed to make objections regarding Mr. VanDeMerwe's claimed disabilities. This argument clearly involves, to some extent, the competency evaluation and his counsel's use of it.

Vandemerwe's competency and mental condition after Vandemerwe was convicted. The court granted the motion and Vandemerwe was evaluated and found to be competent. Accordingly, Vandemerwe's claims fail the performance prong of <u>Strickland</u> because there is nothing to suggest that counsel's performance fell below an objective standard of reasonableness.

Order at 5.

With respect to Mr. VanDeMerwe's allegations of ineffectiveness in connection with the testimony of Mr. Mickelson, trial counsel's degree of preparation for trial and his treatment of evidence, we conclude that the district court's <u>Strickland</u> analysis of these issues is unassailable by reasonable jurists. To the extent Mr. VanDeMerwe raises issues and allegations not argued before the district court, we follow our general rule of declining to address such issues raised for the first time on appeal (or attempted appeal) from a lower court's order.

Furthermore, with regard to the district court's analysis and application of the <u>Strickland</u> prejudice prong, we find that its analysis is completely proper and not subject to debate by reasonable jurists under applicable authorities. We similarly conclude that the district court's procedural rulings regarding issues raised for the first time in Mr. VanDeMerwe's Reply brief are correct. No reasonable jurist could debate the propriety of those rulings.

## II. Police Misconduct and Judicial Bias

Mr. VanDeMerwe makes two final arguments in support of his request for a COA: (1) "the police, specifically Officer Marcelo Rapela, have engaged in activities related to this case that have violated petitioner's civil and due process rights;" and (2) judicial bias, in that the trial judge "clearly saw the petitioner as a nuisance, and stated so at sentencing." Appellant's Opening Br. at 13, 16. He did not make these arguments before the district court. They may not, therefore, form the basis of a request for a COA.

## CONCLUSION

For the foregoing reasons, Mr. VanDeMerwe's request for a COA is DENIED and this matter is DISMISSED. We DENY his request for leave to proceed on appeal *in forma pauperis*.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge